## FARRIS v. HODGES et al.

No. 7594—Opinion Filed June 6, 1916.

(158 Pac. 909.)

**1. Appeal and Error — Record — Questions Presented for Review.**

The court cannot review alleged errors of the trial court in refusing admission of certain proffered evidence, unless such evidence, or the substance thereof, be in some proper manner incorporated in the case-made, thereby enabling this court to determine whether or not there was error in its exclusion.

**2. Trial—Instructions—Requisites.**

Where the evidence is sharply conflicting, the instructions should be correct.

**3. Banks and Banking—Corporations—Sale —Liabilities.**

Where one bank purchases the business and takes over the deposits of another bank, in the absence of an express contract to that effect, it cannot be held for the liabilities of the bank purchased, other than its deposit liabilities.

(Syllabus by Mathews, C.)

Error from District Court, Custer County; James R. Tolbert, Judge.

Action by R. J. Hodges against Butler State Bank and another. Judgment for plaintiff, and against defendant R. B. Farris, and he brings error. Reversed and remanded for new trial.

R. J. Shive and E. R. Hastings, for plaintiff in error.

Darnell & Darnell, for defendant in error.

Opinion by MATHEWS, C. This was an action for the recovery of the value of certain stock, alleged to have been taken and converted. The parties will be designated as in the trial court.

This action was instituted by plaintiff against defendant R. B. Farris, who was one of the managing officials of the Guaranty State Bank, and the Butler State Bank, to recover the value of certain live stock which plaintiff alleged was owned by him and was taken by said parties and sold, and the proceeds of said sale converted to their own use. The defendants answered by general denial, and further alleged that, if plaintiff was the owner in fact of the stock in controversy, he left the same in the custody of his sons and authorized them to mortgage the same and to represent to the public that they were the owners thereof, and that said sons, with plaintiff's knowledge and consent, had mortgaged said stock in controversy to the Guaranty State Bank of Butler, and that said bank, relying upon the representation of said sons of plaintiff that they owned said property and relying upon the fact that they were in possession and exercising ownership thereof, loaned money to said sons of plaintiff and took a mortgage from said sons upon said stock to secure the payment of said loans, and when the said loans matured said bank took possession of said stock covered by said mortgages and sold the same as by law provided; that plaintiff had full knowledge that said stock was going to be sold by said bank for said purpose, but he made no claim that he was the owner of the same until long after said sale. Defendants further answered that, if any legal wrong had been committed against plaintiff, the same was committed by the Guaranty State Bank, and denied that the Butler State Bank had assumed liability for such wrongs, if any, committed by the said Guaranty State Bank. Plaintiff replied by general denial. The case was tried to a jury, which returned a judgment in favor of plaintiff and against defendant Farris in the sum of $275, and, upon peremptory instruction of the court, found for the Butler State Bank.

The defendant Farris, plaintiff in error, complains of a ruling of the court in sustaining objections to a line of questions asked witness by defendants relative to whether he had heard the Hodges boys make any statements as to the ownership of the stock, and as to whether he had heard any one claim that old man Hodges owned some of the mules. While the defendants saved exceptions to the court's ruling on these questions, yet there was no offer of what the answers of the witness might be, and for that reason there is nothing presented on this point for our consideration. Offutt et al. v. Wagoner et al., 30 Okla. 458, 120 Pac. 1018; St. Louis, I. M. & S. Ry. Co. v. Weldon, 39 Okla. 369, 135 Pac. 8.

The court instructed the jury that if they found from a preponderance of the evidence that the plaintiff was the owner of the stock sued for, and that the defendant R. B. Farris, either acting alone or with the Guaranty State Bank, took possession of said property without the consent of the plaintiff and had the stock sold and converted the proceeds to their own use, then the plaintiff would be entitled to recover.

It is evident that the giving of this instruction was prejudicial error. Defendants did not attempt to disprove plaintiff's contention that he was the owner of the live stock involved in the controversy, but based their defense upon the ground that the stock in controversy were left in the custody of plaintiff's sons, and that he authorized them to trade or mortgage the same, or, having full knowledge that they were mortgaging and trading the same, acquiesced therein, and that he was thereby estopped from setting up a claim to the stock after they had sold the same under a chattel mortgage given by one of his sons to the defendant bank.

An instruction to return a verdict for the plaintiff if the jury found from a preponderance of the evidence that the defendants took possession of the stock without the consent of the plaintiff was the equivalent of a peremptory instruction for the plaintiff, because there was no controversy over that proposition, and it was not an issue in the case, but the evidence was sharply drawn and very conflicting upon the actual issues, and where such is the case the instructions should be accurate. Chickasha Cotton Oil Co. v. Brown, 39 Okla. 245, 134 Pac. 850.

The court instructed the jury that the Butler State Bank was not liable to the plaintiff for conversion of his property, if any, made by the Guaranty State Bank or its representatives, and the defendant in error complains of this instruction. If this ruling was error, the defendant in error is in no position to complain of it, because the instruction is in conformity with the allega-

tions in his petition on this subject; but in the case of Ezzard v. State National Bank, 57 Okla. 371, 157 Pac. 127, the court had this exact question under consideration, and it was held there:

"A purchasing corporation does not become liable for the prior debts or obligations of the vendor corporation, in the absence of either express contract or statutory provisions therefor. The defendant bank herein assumed none of the liabilities of the Oklahoma City National Bank except deposit liabilities, and no other liability of the constituent corporation has been imposed upon it by law."

There was no evidence tending to prove that the Butler State Bank had agreed to assume the liabilities of the Guaranty State Bank of Butler, or that there was a consolidation of the two banks, or that the Butler State Bank was a mere continuation of the said Guaranty State Bank. Therefore the Butler State Bank could not be held for a liability incurred by the said Guaranty State Bank.

It appears from the record that the sons of plaintiff entered into a rather extensive scheme of swindling by mortgaging live stock to various parties in the surrounding towns and actually executed 56 chattel mortgages before their career was checked. The court excluded defendants' offer to show this fact and refused to permit the introduction of these mortgages. If the stock claimed by plaintiff was included in these mortgages, or any of them, we believe such mortgages were admissible for the jury's deduction, whether or not the plaintiff had knowledge or information that his sons were pursuing such a course.

For the reasons given, we recommend that the judgment be reversed, and the cause remanded for a new trial.

By the Court: It is so ordered.