19 P.(2d) 188

**PAINTER v. SUTHERLAND et al.**

**No. 3696.**

Supreme Court of New Mexico.

Feb. 6, 1933.

Caswell S. Neal, of Carlsbad, for appellants.

Zeb A. Stewart, of Harlan, Ky., for appellee.

WATSON, C. J.

For an assault committed upon him by one Williams, appellee recovered damages against Williams and against his codefendants, the Sutherlands, copartners by whom both Williams and appellee were employed. The copartners, employers, have appealed. The trial was to the court.

As the appeal was originally presented, sole reliance was upon the proposition that Williams, in assaulting appellee, acted outside the scope of his employment, and that consequently there could be no liability on the part of appellants. This fatal defect in the cause of action is said to appear, first, in the complaint; and, second, in the evidence.

Appellants are not in a position to urge the insufficiency of the complaint. They answered it and went to trial. They remind us that the insufficiency of a complaint to state a cause of action is not waived by failure to demur or by pleading over, and may be raised at any time. That principle is well known. It is not applicable, however, where, the defect being one of omission, the cause has gone to trial on the merits, and presumptively the defect in the complaint has been cured by evidence.

Nor can we consider the claim that the defect in the complaint, if it existed, was not in truth cured by the evidence, and that there was no substantial showing that the assault was committed within the scope of employment. The trouble is that we have no findings or requested findings. By motions for judgment, appellants did raise the question. But there is no way by which we could determine the facts essential to the conclusion except by a general review of the evidence. This is not our function, as we have uniformly held.

Appellants urge that the trial judge, in overruling their motions, necessarily held that assault was committed in the course of the employment, that we should review the correctness of that holding, citing King v. Doherty, 32 N. M. 431, 258 P. 569, and that a judgment wholly unwarranted by the facts may be reviewed without exception or objection, citing In re Jaramillo's Estate, 33 N. M. 626, 274 P. 47. Those propositions we cannot accept.

In the first place, the court did not necessarily hold as claimed. He may have deemed the judgment supportable without a

conclusion that Williams acted in the course of employment.

In the second place, the cases cited are not in point. In both of them the facts were fully found. The question was simply what conclusion of law or what judgment those facts required.

By supplemental brief, filed long after they had filed their reply brief, appellants seek to present the further point that, assuming Williams to have acted within the scope of his authority, the case is one for workman's compensation, not one for damages. Appellee moved to strike this brief as untimely. Appellants in turn moved to strike appellee's motion. Decision of these motions was postponed until the cause should be taken up on the merits.

Passing the propriety and policy of considering a question so tardily brought in, N. M. App. Proc. Rule XV, § 1, we think the lack of findings is again fatal to review. Appellants' last word is that, if Williams acted without the scope of his employment, they are not liable at all; if he acted within such scope, the liability is for compensation. Assuming this to be sound, the determinative question is the very question we find not to have been reserved for review.

Thus we are constrained to affirm the judgment. The cause will be remanded. It is so ordered.

SADLER, HUDSPETH, and BICKLEY, JJ., concur.

ZINN, J., did not participate.