## FIRST NATIONAL BANK IN ADA v. JACKSON, Ex'x.

No. 25603.    March 30, 1937.

Rehearing Denied May 4, 1937.

Denver N. Davison and Hayes, Richardson, Shartel, Gilliland & Jordan, for plaintiff in error.

Geo. W. Burris and W. F. Schulte, for defendant in error.

GIBSON, J. This appeal comes here from the district court of Pontotoc county. The action involves the affairs of two national banking institutions; one, the First National Bank of Ada; the other, the First National Bank in Ada. The former will be referred to herein as the old bank, and the latter as the new bank or as defendant. The defendant in error will be referred to as plaintiff.

The undisputed facts are as follows: On July 23, 1924, plaintiff sued the old bank in district court of Pontotoc county for conversion of certain notes. While the action was pending, and in the month of October, 1924, the old bank was found to be in an insolvent and failing condition. Thereupon, one Mr. Norris was prevailed upon by the bank examiner and certain of the citizens of the city to organize the new bank for the purpose of taking over certain assets of the old bank and assuming the deposit liabilities thereof. The new bank was chartered and commenced business at the location of the old bank on November 1, 1924.

On October 30 and November 1, 1924, certain contracts were entered into by and between the old bank and Norris, and accepted and ratified by the new bank and approved by the bank examiner and the Comptroller of the Currency, wherein certain assets were transferred to the new bank on consideration of the new bank's assuming the deposit liabilities of the old bank. It was further provided therein that a liquidating agent be appointed to take charge of the remaining assets not taken over by the new bank; the selection of the agent was subject to the approval of Norris and the defendant, and the liquidation was to be under the supervision of Norris and defendant; and the defendant was given the right to exchange assets with the liquidator at any time within the first two years.

The uncontradicted evidence is to the effect that the above-mentioned contracts were entered into without actual fraudulent intent to discriminate against other creditors of the old bank, and that the officers of the new bank had no knowledge of plaintiff's claim or suit, and that no stockholders of the old bank were interested in the defendant bank.

Subsequent to the above transaction plaintiff obtained judgment against the old bank in the conversion action heretofore referred to, and thereafter commenced the present action against defendant bank to recover upon the judgment. She prosecutes her action upon the theory that the new bank was organized as the successor of the old bank with the intent and for the purpose of taking over, absorbing, and merging into itself all the valuable assets of the old bank with the intent and for the purpose of defrauding plaintiff as a creditor of the old bank, and that the transaction between the banks was a violation of federal statute and a fraud in law upon the plaintiff.

Jury was waived and the cause tried to the court, resulting in judgment for plaintiff, and defendant has appealed.

The action is one of equitable cognizance, and is so treated by both parties.

The trial court found the facts to be as we have hereinabove stated them and, in speaking of the aforementioned contracts, found further, as follows:

"* * * That all of these provisions and actions show a design on the part of Norris and the defendant to obtain all of the valuable assets of the First National Bank of Ada, Oklahoma, and the evidence shows that this design was consummated and all of the valuable assets of the First National Bank of Ada, Oklahoma, were merged into the defendant, the First National Bank in Ada, Oklahoma: that no provision was made for payment of the plaintiff's claim, which was pending in court, at the time of the transfer and which has since been reduced to judgment as stated in plaintiff's petition; and that such a transaction cannot be considered a sale. * * *

"And the court further finds that under all of the facts and circumstances shown by the pleadings, the contracts and the evidence, that there was no actual fraud in the transactions involved in this action, but that the same were fraudulent in law as against the plaintiff herein; that equity will not permit the defendant herein to take all of the valuable assets of the First National Bank of Ada, Oklahoma, without taking care of its liabilities; and that by reason thereof that the plaintiff is entitled to recover of and from the defendant the full amount sued for."

The defendant complains that the judgment is contrary to the law and the evi-

dence. In this connection it is urged that under the facts the judgment cannot validly rest upon the proposition that defendant is a reorganization or continuation of the old bank, or that there was a merger or consoidation of the two banks. Sections 33 and 34, title 12, U. S. C. A.; Drovers' & Mechanics' National Bank v. First National Bank, 260 Fed. 9; Ezzard v. State National Bank, 57 Okla. 371, 157 P. 127; Farris v. Hodges, 59 Okla. 87, 158 P. 909; First State Bank v. Lock, 113 Okla. 30, 237 P. 606. It is said that the whole transaction was a valid sale of assets with the assumption of specified debts and was neither a merger nor a consolidation, and that since the old bank did not discontinue, but proceeded under a liquidator, and since there was no actual fraudulent intent to defeat plaintiff's claim, the defendant was under no contractual, or other, obligation to pay said claim. Defendant says it is supported in this contention by the decisions in the above cited cases. The rule announced in those cases is stated in the Drovers' & Mechanics' Bank Case as follows:

"A purchase by definite contract by one banking corporation of the assets of another and the assumption of debts specified in the contract does not constitute a merger or consolidation, and does not, in the absence of fraud, make the purchasing corporation liable for all the debts of the selling corporation."

This is a statement of the general rule applicable to cases of this character. From a review of the decisions it becomes apparent that the rule does not apply where the banking institution is known to be insolvent at the time of the transfer of its assets; and it appears further that the fraud therein mentioned need not be that character of fraud actuated by illegal design, or fraud in fact.

The corporations here involved are national banking institutions and their activities are controlled by the acts of Congress relative thereto. For this reason we believe the question of consolidation, or merger (First State Bank v. Lock, supra), has no place in the instant case. There could be no consolidation here. While the Comptroller of the Currency may have assented to the arrangement between the two banks, the preliminary steps necessary to consolidation, as required by the Act of 1918, sec. 33, title 12, U. S. C. A., were not taken. Without compliance therewith there can be no consolidation. See City National Bank v. Fuller, 52 Fed. (2d) 870, 872. As held in First State Bank v. Lock, supra, neither a

consolidation nor merger can take place unless the constituent corporation ceases to exist upon the transfer of its assets. Here the constituent corporation did not cease after the transfer, but continued on under a liquidator.

Therefore, plaintiff cannot succeed on the theory of consolidation or merger of the institutions. Neither can she recover upon a contractual obligation. If she may be permitted to recover, and the judgment of the trial court is to be affirmed, the obligation of defendant to respond to her claim must be found in the National Banking Laws, and particularly in section 5242, U. S. R. S. (sec. 91, title 12, U. S. C. A.). And her right to a recovery must be based upon the theory of equitable, or constructive, trust relationship existing between herself and the defendant. It is true that a creditor of the ordinary corporation may recover in equity from its transferee corporation on the theory of equitable lien or trust where it acquires all the assets of the debtor corporation which immediately suspends business operations. Cobb v. Inter. Mortgage Corp., 20 Fed. (2d) 786. Here, however, we are dealing with a particular class of corporations whose activities are largely governed by specific statutes.

Under the provisions of section 91, title 12, above, transfers of assets made by national banks with a view to the preference of one creditor to another are "utterly null and void." The purpose of that section is to secure, in the event of insolvency, a just and equal distribution of the assets of national banks among unsecured creditors and to prevent such banks from creating preferences in contemplation of their failure. Roberts v. Hill, 24 Fed. (C. C. A.) 571; Mechanics Universal Joint Co. v. Culhane, 57 S. Ct. 81, 81 L. Ed. 25.

Upon the voluntary liquidation of the old bank its assets, wherever located, became a trust fund to be administered for the benefit of all creditors pro rata. After liquidation it retained its corporate existence, and plaintiff's judgment was obtained against it while in that condition. The effect of the judgment was only to fix the amount of her claim and not to give her an advantage over other creditors. Her position in this respect with reference to the old bank is similar in many respects to that of a judgment creditor referred to in the case of Merchants' National Bank of Richmond v. National Bank of Lillington, 231 Fed. 556. There, when considering the rights of such

creditor in the assets of the liquidating bank, the court held:

"The action of the stockholders of a national bank in voting to go into voluntary liquidation and in appointing a liquidation agent, pursuant to Rev. St. secs. 5220, 5221 (Comp. St. 1913, secs. 9806, 9808), is equivalent to the appointment of a receiver by the Comptroller in its effect upon the property and the rights of creditors. The assets of the bank become a trust fund to be administered for the benefit of all creditors pro rata, and while the bank retains its corporate existence and may be sued, the effect of a judgment obtained against it by a creditor is only to fix the amount of the debt, and the judgment plaintiff can acquire no lien which will give him an advantage over other creditors."

Such was the position of the plaintiff in the instant case when she commenced her action against the defendant herein. As a general creditor she was entitled, primarily, by reason of her judgment, to her pro rata share of the assets of the old bank.

If the transfer of assets here considered constituted a preference of creditors, such transfer was utterly null and void within the meaning of the statute, and the beneficial title to the assets did not pass, but remained in the old bank. The new bank under such circumstances would merely hold them as trustee for the old bank or for its creditors; the creditors are the beneficiaries of the trust. The old bank, or its receiver, could maintain an action for recovery of such assets.

A creditor may not maintain adversary proceedings against a failed national bank so as to obtain a preference over other creditors. Roberts v. Hill, supra.

Here the plaintiff, as creditor, seeks to establish a trust or an equitable lien for her exclusive benefit, not directly, it is true, against the old bank, but indirectly by instituting action against that bank's trustee seeking to subject the old bank's property and its trustee to the payment of her individual claim to the exclusion of other creditors. The Circuit Court of Appeals said in the Roberts Case, above, that such an action could not be maintained. The holding was as follows:

"The scheme of the act of which this section is one of the provisions, contemplates a ratable distribution of the assets of national banks among their creditors in the event of insolvency; and the intention of Congress, to secure equality among creditors by the appropriation of all the assets of an insolvent bank for a ratable division, is so dominating that the courts have held

that a creditor cannot obtain a preference by adversary proceedings against the bank after insolvency has taken place. Accordingly, it has been adjudged that a creditor cannot acquire a lien upon the property of a national bank, after it has become insolvent, by a suit and an attachment of its property, although no receiver of the bank has been appointed; and that the attachment should be vacated upon the application of a receiver subsequently appointed, because it would be subversive of the theory of the National Currency Act to permit the creditor to obtain a preference thereby over the other creditors of the bank. Selma First Nat. Bank v. Colby (Ala. 1874) 21 Wall. 609, 22 L. Ed. 687; Harvey v. Al'en (C. C. N. Y. 1879) 16 Blatchf. 29, Fed. Cas. No. 6,177."

Such is the contention of the defendant bank on this appeal.

The record is clear that the plaintiff, under the decision in the Roberts Case, was without right to maintain this action. It follows that the trial court was without jurisdiction of the cause and that its judgment cannot stand.

The judgment is therefore reversed and the cause remanded, with directions to dismiss plaintiff's action.

OSBORN, C. J., BAYLESS, V. C. J., and PHELPS and CORN, JJ., concur.