119 P.2d 636

**PANKEY v. HOT SPRINGS NAT. BANK.**

No. 4628.

Supreme Court of New Mexico.

Nov. 21, 1941.

See, also, 44 N.M. 59, 97 P.2d 391.

E. L. Medler, of Hot Springs, and Whatley, Garland & Weir, of Las Cruces, for appellant.

Edward D. Tittmann, of Hot Springs, and Mechem & Hannett, of Albuquerque, for appellee.

BRICE, Chief Justice.

This action was brought by the appellant to enforce against appellee a judgment which he had secured against the First National Bank of Hot Springs (hereinafter called First National Bank). The findings of fact made by the trial court are substantially as follows:

At the time this suit was brought (December 18, 1934) the appellant was a judgment creditor of the First National Bank in the sum of $10,370, together with interest thereon from December 4, 1928, at the rate of six per cent per annum. Execution was issued and returned nulla bona.

On the 18th of March, 1930, the appellee commenced business as a national banking corporation under a charter granted it by authority of the national banking laws of the United States. On said date it entered into a contract with the First National Bank, by the terms of which there was transferred to it all of the assets of said First National Bank, which were of the face value of $176,318.34 and the appellee assumed the "ledger liabilities" of said First National Bank. Appellant's judgment was not a ledger liability of said First National Bank, and was not assumed by appellant.

The assets were divided into two lots, one of $151,292.59 (which included the banking house) and were considered reasonably good, and another of $25,025.75 which were considered doubtful assets. The reasonably good assets were transferred outright to the appellee and the doubtful assets were transferred to it as collateral to secure the appellee against any loss that might occur in the handling of the assets transferred outright. A substituted contract was entered into between the two banks on May 24, 1930, but the terms were not substantially changed.

On the date the transactions occurred by which the assets of the First National Bank were transferred to appellee, the president, cashier and board of directors of the two banks were identical. But the owners of stock were different. Only two of appel-

14

lee's stockholders were at said time stockholders of the First National Bank, and these owned but seven shares of the stock of the First National Bank, of the par value of $700. Prior to March 18, 1930, Hilmer James, president of the First National Bank, knew of the claim which appellant was making (afterwards reduced to judgment) against the First National Bank.

On May 24, 1930, the stockholders of the First National Bank, by resolution, provided for its liquidation and the appellee was named its liquidating agent. The doubtful assets of upward of $25,000 held by appellee as collateral were liquidated, or partially liquidated, by it. After paying the expenses of collections, and caring for the shrinkage in the so-called "reasonably good assets," there remained on March 18, 1937, $32.76 as the only assets of the First National Bank, unless some of the "Doubtful assets" were turned back to it, regarding which the findings are silent.

The trial court concluded from these facts that the First National Bank was not merged with the appellee, but that the appellee was a "new entity;" that the appellee was not liable for any claim against the First National Bank not assumed by it; and thereupon dismissed appellant's action.

■ Appellee charges error by an assignment attacking that part of the trial court's finding of fact No. 2, which reads, "Defendant (appellee) thereby assumed the ledger liabilities of the First National Bank." It is asserted that it assumed *all*

of the liabilities of the First National Bank. As the uncontradicted evidence shows, it assumed only the ledger liabilities, the court did not err in making this finding.

■■ Appellant excepted in the district court to the failure of the trial court to adopt his requested findings of fact numbered 1 to 6 inclusive, which exception was the subject of his assignment of error No. VII. This assignment of error was copied under Point I, but was not mentioned again in appellant's brief and was therefore waived. An assignment of error not supported by point, argument or citation of authority is waived. Robinson v. Mittry Bros., 43 N.M. 357, 94 P.2d 99.

The appellant has largely ignored the findings of fact made by the trial court and argued the testimony as the facts of the case.

■ The findings of fact made by the trial court, unless set aside by the supreme court, are the facts upon which the case must rest in this court. In re White's Estate, 41 N.M. 631, 73 P.2d 316; Wells v. Gulf Refining Co., 42 N.M. 378, 79 P. 2d 921; Lopez v. Townsend, 42 N.M. 601, 82 P.2d 921; Burguete v. G. W. Bond, etc., Co., 43 N.M. 97, 85 P.2d 749; Krametbauer v. McDonald, 44 N.M. 473, 104 P.2d 900.

■ We have not overlooked the fact that the trial court sustained appellee's demurrer to the evidence, made at the close of appellant's (plaintiff's) case. In ruling on such demurrer the trial court was re-

quired to accept as true all that portion of the testimony which supported plaintiff's case, together with all favorable inferences that could reasonably be deduced therefrom, and to discard all unfavorable testimony and inferences. The effect of sustaining the demurrer was to hold that under this rule the appellee had not made a prima facie case. Sandoval County Board of Education v. Young, 43 N.M. 397, 94 P.2d 508; Telman v. Galles, 41 N.M. 56, 63 P.2d 1049; Merchants Bank v. Dunn, 41 N.M. 432, 70 P.2d 760; Union Bank v. Mandeville, 25 N.M. 387, 183 P. 394; Mansfield v. Reserve Oil Co., 38 N.M. 187, 29 P.2d 491.

■ The fact that the demurrer to the evidence was sustained, did not relieve the trial court of the duty of making findings of fact and conclusions of law based thereon, as required by rule 105-813 of Pleading, Practice and Procedure (formerly sec. 105-813, Sts.1929) ; but in doing so he is required to observe the rule stated, and make every essential finding of fact necessary to sustain plaintiff's case that has substantial support in any of the evidence, or in any reasonable inference that can be deduced therefrom. The evidence favorable to plaintiff's case must be accepted as true, the unfavorable discarded. Sandoval County Board of Education v. Young, supra.

■ It must be assumed by us, in the absence of any successful attack upon the findings and in the absence of any error in refusing to make requested findings after sustaining a demurrer to the evidence, that the trial court's findings of fact are all of the essential ultimate facts that could be made from all of the favorable evidence and all favorable inferences that could be drawn therefrom. It is error for the trial court, under such circumstances, to refuse to make such findings.

■■ The findings of fact when made, following the sustaining of a demurrer to the evidence, have the same force and effect as findings made by the court after weighing the evidence in a case submitted for decision upon the testimony of both parties. If the findings are not successfully attacked and no point is made of the court's failure to adopt requested findings or such point is waived as in this case, the testimony is out of the case. We are bound by the court's findings. Mosley v. Magnolia Petroleum Co., 45 N.M. 230, 114 P.2d 740. We leave undetermined the question whether we will review an order sustaining a demurrer to the evidence in the absence of specific findings.

It follows that appellant's very able argument on the testimony as the facts of the case cannot be considered by us. It should have been, and no doubt was, presented to the district court on the matter of making findings of fact.

The question is, whether the appellee, under the facts found by the trial court, is liable to appellant for his debt against the First National Bank?

■ The Tenth Circuit Court of Appeals (opinion by Judge Orie L. Phillips)

has stated the rule, as we understand it to be, as follows:

"The general rule is that where one corporation sells or otherwise transfers all of its assets to another corporation, the latter is not liable for the debts and liabilities of the transferor. * * *

"To this general rule there are four well recognized exceptions, under which the purchasing corporation becomes liable for the debts and liabilities of the selling corporation. (1) Where the purchaser expressly or impliedly agrees to assume such debts; (2) where the transaction amounts to a consolidation or merger of the corporations; (3) where the purchasing corporation is merely a continuation of the selling corporation; and (4) where the transaction is entered into fraudulently in order to escape liability for such debts. * * * *" West Texas Refining & Development v. Commissioner of Int. Rev., 10 Cir., 68 F.2d 77, 81.

Also see: American Surety Co. v. M-B Ise Kream Co., Tex.Civ.App., 38 S.W.2d 118; Valley Bank v. Malcolm, 23 Ariz. 395, 204 P. 207; Oklahoma Title Co. v. Burrus, 172 Okl. 94, 44 P.2d 852; Pierce v. Riverside Mtg. Securities Co., 25 Cal. App.2d 248, 77 P.2d 226; Chase v. Michigan Tel. Co., 121 Mich. 631, 80 N.W. 717; Mercantile, etc., Trust Co. v. United States, 8 Cir., 96 F.2d 655, 665.

The purchaser did not expressly or impliedly agree to assume appellant's debt. It assumed the ledger liabilities and the court found that appellant's debt was not one of them. The case, therefore, does not come within the first exception to the general rule.

 Among the court's conclusions of law is the following: "The Hot Springs National Bank is not a merged bank but is a new entity." This is a conclusion of fact and also, perhaps, one of law. This finding, though intermingled with the conclusions of law is still a finding of fact, and in the absence of objection, will be considered so by us, notwithstanding it is intermingled with the conclusions of law. Baker v. Trujillo De Armijo, 17 N.M. 383, 128 P. 73. However, from the evidence we are satisfied that the finding is correct. Erhard v. Boone State Bank, 8 Cir., 65 F.2d 48. The mere purchase of the assets of one corporation by another for a sufficient consideration is neither a merger nor a consolidation. Mercantile Home Bank & Trust Co. v. U. S., 8 Cir., 96 F.2d 655; Pinellas Ice, etc., Co. v. Commissioner of Int. Rev., 287 U.S. 462, 53 S.Ct. 257, 77 L.Ed. 428; Drovers' & Mechanics' Nat. Bank v. First National Bank, 4 Cir., 260 F. 9. Ordinarily when two corporations are consolidated, both go out of existence and a new corporation is created which takes over their business and property. Lee v. Atlantic Coast Line R. Co., C.C., 150 F. 775; Fordyce v. Helvering, 64 App.D.C. 181, 76 F.2d 431; Carswell v. Nat. Exchange Bank, 165 Ga. 351, 140 S.E. 755. But the national banking law provides for the manner of consolidation of national banks (U.S.C.A.

Secs. 33 and 34, title 12, "Banks and Banking"), and only by this means can such consolidation be effected. The two banks were not consolidated. It follows that the second exception does not apply.

The appellee was not a mere continuation of the First National Bank. The trial court held that it was "a new entity" and this is not contested in this court, and indeed could not be. The appellee was organized under the banking laws of the United States and only seven shares of its two hundred and fifty shares of stock were owned by stockholders of the First National Bank. They were in no sense identical, notwithstanding that at the time of the sale and purchase of the assets of the First National Bank their respective officers were identical. The third exception does not apply.

It is not contended that the transaction was entered into fraudulently in order to escape liability for the debts of the First National Bank, and therefore the fourth exception does not apply.

The general rule, therefore, must apply, from which we conclude that the court did not err in holding that the appellee was not liable for the debts of the First National Bank.

It is asserted that the transfer of assets by the First National Bank to the appellee was made in contemplation of insolvency, and with a view of preference of creditors to appellant, in violation of U.S.C. A. Sec. 91 of Title 12, "Banks and Banking." The statute is as follows: "All transfers of the notes, bonds, bills of exchange, or other evidences of debt owing to any national banking association, or of deposits to its credit; all assignments of mortgages, sureties on real estate, or of judgments or decrees in its favor; all deposits of money, bullion, or other valuable thing for its use, or for the use of any of its shareholders or creditors; and all payments of money to either, made after the commission of an act of insolvency, or in contemplation thereof, made with a view to prevent the application of its assets in the manner prescribed by this chapter, or with a view to the preference of one creditor to another, except in payment of its circulating notes, shall be utterly null and void; * * *."

On this phase of the case the theory of the trial court is stated in his memorandum opinion, as follows:

"The Court has given careful consideration to the questions raised in the brief presented by Plaintiff. However, I am of the opinion that the contentions can not be sustained. I arrive at this conclusion because (1) in my view the issue raised is not within the pleadings as made up; (2) the theory is different from that upon which the case was tried; and (3) I am of the opinion that an action under Sec. 91, Title 12 U.S.C.A. can not be brought by an individual creditor—it must be

brought by the receiver. The case of First National Bank in Ada v. Jackson, 180 Okl. 77, 70 P.2d 88, is authority for this. * * *

"The case of Federal Reserve Bank v. Omaha National Bank [8 Cir.], 45 F.2d 511 cited by plaintiff presents an entirely different situation. In that case two banks were litigating property transferred by order of an insolvent bank, but the receiver and creditors of the insolvent bank had no interest in the assets being litigated. In that case the Court permitted the suit, but I do not consider it as authority for the action here attempted, which is a direct action by one creditor against the transferee of the assets."

At the opening of the trial appellant, through his counsel, stated his contentions, as follows:

"It is our theory that the Hot Springs National Bank is a successor corporation of the First National Bank. * * * It is also our theory that notwithstanding, and under the law, the attempt of the Hot Springs National Bank to limit its liabilities to ledger liabilities would not cover the item in question as the basis of this suit which is a judgment subsequently recovered by the plaintiff Pankey."

Mr. Mechem (Attorney for appellee): "That is on the theory that it is a merger."

Mr. Medler: "Yes, and taken over as a successor corporation; that even though that theory might be questioned they are also liable. The evidence will show assets in excess of the liabilities they assumed, and that they are, therefore, responsible to the plaintiff herein as a judgment creditor of the First National Bank.

"I think that is a fair statement of our position, if the Court please. They are liable as a matter of law as a successor corporation."

Mr. Mechem: "Let me ask counsel a question. You don't claim that the First National Bank was insolvent?"

Mr. Medler: "In a way they were not insolvent until after they made the liquidation resolution in May of 1930."

The Court: "You mean at the time they made the contract—it is your contention they were not insolvent?"

Mr. Medler: "We don't. That was a transfer of all assets of the corporation."

The Court: "And it was solvent at that time?"

Mr. Medler: "Yes."

Mr. Mechem: "Then the question of whether or not the transfer was made to hinder, delay and defraud creditors goes out of the case."

Mr. Medler: "I don't think that is in the case."

Mr. Mechem: "From your statement I would take it that way."

Mr. Medler: "I contend they are liable as a successor corporation."

The Court: *"Then you can proceed to take the testimony on the propositions you have made in your statement."*

It was upon this statement of appellant's counsel that the court said: "Then you can proceed to take the testimony on the proposition you have made in your statement." Thereupon the testimony was taken without further mention of the issues.

It was alleged, among other things in the complaint, that the transfer was made "for the purpose of avoiding an assessment upon the stockholders of the First National Bank of Hot Springs," and that it was made "with the intent to hinder, delay and defraud the creditors of the First National Bank of Hot Springs." But it is not alleged in the pleading that the transfer was made after the commission of an act of insolvency or in contemplation thereof, and with a view to prevent the application of the bank's assets as provided by the Federal Act; or with a view to the preference of one creditor to another, so as to come within section 91 of Title 12 U.S.C.A., which we have quoted.

 If there was evidence admitted unobjected to, that supported appellant's theory and findings made thereon, it would be of but little, if any, moment that the pleadings were insufficient. If advantage is not taken of the defects in pleadings by demurrer or objection to testimony, and

the omitted issues are fully litigated without objection, the pleadings will be treated as having been amended to cure such defects. Springer v. Wasson, 25 N.M. 379, 183 P. 398; Valley Products Co. v. Roybal, 37 N.M. 112, 19 P.2d 187; Painter v. Sutherland, 37 N.M. 113, 19 P.2d 188. But we are confronted with the fact that we have neither pleading nor finding covering this issue, and a disclaimer on the part of counsel that such an issue was intended to be presented to the trial court. We are satisfied that counsel could limit the issue by a binding statement in the record, if he so desired. It would appear, therefore, that the trial court was correct in holding that the issue was not only not raised by the pleadings but was excluded by the statement of appellant's counsel.

 At any rate, there was no finding of fact which would authorize this court to consider whether by the transfer, the federal statute mentioned had been violated.

As a further indication of the theory upon which the case was tried, appellant requested a finding of fact to the effect that the directors of the First National Bank "caused the Hot Springs National Bank of Hot Springs, New Mexico to be chartered for the sole purpose of taking over all of the assets of said First National Bank of Hot Springs and to prevent the failure of the First National Bank and its consequences insofar as it affected the persons indebted to said bank, its depositors and creditors and the people of Hot

Springs and vicinity, and for no other purpose;"

If the Oklahoma Court in First National Bank v. Jackson, 180 Okl. 77, 70 P.2d 88, held as the trial court indicates, that a lone creditor could not sue the bank which received assets in violation of the section of the national banking act quoted, we are not prepared to follow it. We are of the opinion that where the assets of a national bank are taken over in violation of the statute in question, and no receiver is appointed, and the liquidating agent is the bank charged with delinquency, that a sole creditor against whom preference had been given, could sue in his own name. The transfer of property would be "utterly null and void," and he the sole beneficiary, or at least would have rights superior to those of stockholders; he could not be deprived of his rights merely because a receiver had not been appointed. That seems to be the holding of Federal Reserve Bank v. Omaha National Bank, 8 Cir., 45 F.2d 511. Such proceeding would not be in any way opposed to the intent of the Federal Act to apportion ratably the assets of an insolvent national bank among its creditors. But the question need not be decided, as the issue is not in the case.

The decree of the district court should be affirmed, and it is so ordered.

ZINN, SADLER, MABRY, and BICKLEY, JJ., concur.