[No. 3558.    April 11, 1931.]

[Rehearing Denied May 6, 1931.]

SANCHEZ et al. v. TORRES et al.

[298 P. 408.]

J. Lewis Clark, of Estancia, E. W. Dobson, of Albuquerque, and E. P. Davies, of Santa Fe, for appellants.

George W. Prichard, of Santa Fe, for appellees.

OPINION OF THE COURT

WATSON, J.

Macario Torres died testate October 30, 1927. He left all his property to Maria A. de Torres, his widow. Julian

Sanchez, born June 23, 1921, and Alejandro Sanchez, born June 29, 1924, sons of Elena Sanchez, appearing in this cause as their next friend, sued to establish rights of inheritance. They claim to be illegitimate sons of the deceased (1929 Comp. § 38-114), and that, not having been named or provided for in the will, they are entitled to share in the estate as if their putative father had died intestate (1929 Comp. § 154-112).

The cause was tried to the court. When plaintiffs rested, defendants, the widow and executors, demurred to the evidence on numerous grounds. The court ruled on the demurrer in this language:

"I will hold on this one point that there is not sufficient evidence on the general and notorious recognition."

It is recited in the judgment:

"At the conclusion of said testimony, the attorney for defendants demurred on several grounds to the evidence adduced by the plaintiffs as not being sufficient to sustain the allegations of plaintiff's complaint, among which was that the plaintiffs had failed to make out their case in that it was not shown that the recognition by Macario Torres, the putative father of the plaintiffs, was general and notorious and that the plaintiffs were his illegitimate children, and the court having heard the arguments of counsel both for the plaintiffs and the defendants on said demurrer, and having duly considered the same, is of the opinion that the demurrer is well taken as to the said Macario Torres not having generally and notoriously recognized said plaintiffs as his children within the requirements of statutes of this state; but, overrules the demurrer as to the other grounds. * * *"

Judgment of dismissal followed, and plaintiffs have appealed.

Counsel agree that the only question before us is the sufficiency of the evidence of general and notorious recognition.

Appellees consider this a question of fact to be reviewed under the substantial evidence rule. They argue that the trial judge may not and should not have believed some of the testimony. Their position is unsound. They demurred to the evidence. Under the rule well established in this state, even though this was a nonjury case, they admit the truth of all the testimony and of all legitimate inferences therefrom. Union Bank v. Mandeville, 25 N.

M. 387, 183 P. 394; Bezemek v. Balduini, 28 N. M. 124, 207 P. 330; Horchheimer v. Prewitt, 33 N. M. 411, 268 P. 1026. So, the question before us is whether, giving full credit to the witnesses, full weight to the evidence, and making proper inferences therefrom, a judgment for the plaintiffs could have been sustained.

Counsel respectively have brought to our attention most of the Iowa and Kansas decisions. Those authorities are of greatest importance because the statutory requirements of those two states are the same as ours in the matter of general and notorious recognition. They furnish many examples both of sufficient and of insufficient evidence. They could serve only as guides, because, as it has been often remarked, each case has its own peculiar facts.

The case at bar includes the usual features of direct evidence of paternity furnished by the testimony of the mother, testimony of association between the mother and the putative father, testimony of contribution by the putative father to the support of the mother and children, testimony of common report in Willard, where the affair took place and the children were born, that the deceased was their father, and testimony of direct and express admission on the part of the putative father in private conversation.

If this were all we might have a close case, tested by the precedents referred to. But there are two features of the evidence before us which distinguish it from any case which has been brought to our attention: First, the illicit relations seem to have been open, notorious, and continuous during a period of nine years or more, uninterrupted by the birth of either of these children, and ceasing only with the final illness of the deceased. This would seem to give an unusual significance to the common report of paternity, as bearing upon recognition. Second, there is evidence that in March, 1927, seven months before the putative father's death, the local registrar of births, having been called upon by higher authority to obtain birth certificates for the plaintiffs, interviewed the putative father concerning the matter, and was authorized by him to insert his name in the certificates, as the father of these

children. We cannot think of any act better calculated to give general and notorious recognition. This evidence alone is conclusive against the demurrer.

The judgment will be reversed, and the cause remanded with a direction to grant a new trial. It is so ordered.

BICKLEY, C. J., and HUDSPETH, J., concur.

PARKER and SADLER, JJ., did not participate.

## ON MOTION FOR REHEARING

WATSON, J.

It is suggested that we have erroneously assumed that birth certificates are matters of public record in this state. Attention is directed to 1929, Comp. § 110-316, which limits the right of the public to inspect such records.

The point bears only on the weight to be given the act of the deceased in authorizing insertion of his name in the birth certificates. As that is a matter to be determined on another trial, and as we do not desire to influence the court in reaching his own conclusions, it is thought proper to withdraw so much of the last paragraph of the opinion as might be thought to indicate views as to the probative value of any particular evidence.

We adhere, however, to the conclusions that the evidence of general and notorious recognition was not demurrable.

The motion for rehearing is accordingly denied.

BICKLEY, C. J., and HUDSPETH, J., concur.

PARKER and SADLER, JJ., did not participate.