*29 P.(2d) 491*

**MANSFIELD et al. v. RESERVE OIL CO. et al. (BURKE, Intervener).**

No. 3854.

Supreme Court of New Mexico.

Jan. 31, 1934.

Dudley Cornell, of Albuquerque, for appellants.

E. A. Martin, of Gallup, for appellees.

WATSON, Chief Justice.

This is a proceeding as to the exact nature of which counsel differ. For purposes of this appeal we shall take it to be, as appellees claim it is, an insolvency proceeding, seeking an adjudication against Reserve Oil Company, a New Mexico corporation, an injunction against continuance of its business, and a receivership.

Plaintiffs are the owners of something more than one-third of the 300,000 outstanding shares of the corporation, and plaintiff Mansfield claims to be a creditor.

After the pleadings were in, the cause went to trial before the court. When the plaintiff had rested, the defendant moved "for dismissal of plaintiff's amended complaint on the ground that the action * * * is a special statutory action in which the jurisdictional finding is that of insolvency, and that the evidence failed to establish the allegations of insolvency." This motion was sustained. Final judgment followed dismissing the complaint. Plaintiffs have appealed.

The single point relied upon for reversal is that it was error to sustain the motion. In urging this point, appellants take the position, correctly we think, that the motion amounted to a demurrer to the evidence, and that the plaintiff's evidence is to be taken as true, proper inferences drawn therefrom, and everything to the contrary disregarded. See Sanchez v. Torres, 35 N. M. 383, 298 P. 408, and cases cited.

We have first to determine, however, whether the record is in a condition to enable us to consider this claimed error. Appellees moved heretofore to dismiss the appeal; calling attention to the facts that the record is partial, that the præcipe did not set forth the questions appellant desired to have reviewed, and was not served on appellee. We overruled the motion at the time on the authority of Farmers' Cotton Finance Corporation v. Green, 34 N. M. 206, 279 P. 562, Robinson v. T. D. Neal Mercantile Co., 34 N. M. 436, 283 P. 52, and Ball v. U. S. Copper Co., 35 N. M. 637, 6 P.(2d) 192. But the same objections are renewed in appellees' brief on the merits.

Appellees might, of course, have had certiorari for the omitted portions of the record. They did not seek it. They were not obligated to, since the duty rests upon an appellant to "file * * * as perfect and complete a transcript of the record and proceedings * * * as shall be necessary to enable the court to properly review" the case. N. M. App. Proc. Rule X, § 1. Ball v. U. S. Copper Co., supra. Overruling the motion as we did, we warned appellants of the "deadly presumptions" in favor of the judgment, of the duty just stated resting upon them, and that having failed to avail themselves of the statutory means of binding appellees by "a conclusive presumption that omitted portions of the record are unnecessary to the review" (see Marcus v. St. Paul Fire & Marine Ins. Co., 35 N. M. 471, 1 P.(2d) 567, 568), they would proceed upon their partial record at their peril.

So we hold that the burden is upon appellants to demonstrate from the record that matters omitted are unnecessary to the view they seek.

If we were to review findings, it is doubtful if appellants would be able to demonstrate the sufficiency of this partial record. But, having before us the mere question of law, whether plaintiffs' evidence was demurrable, the situation may be different.

The omitted matter is said by appellee to be documentary evidence "introduced on cross examination * * * (tending) * * * to materially contradict, explain or modify the force of the testimony of appellants' witness, William Mansfield, and all * * * bearing on this question of insolvency." This would seem to make it matter to be disregarded in passing upon the demurrer. In Union Bank v. Mandeville, 25 N. M. 387, 183 P. 394, considering the effect of what we held to be a demurrer to the evidence, and, quoting from Kansas decisions, we said:

"The court cannot weigh conflicting evidence, nor regard the case as though submitted by the defendant on plaintiff's showing, but must consider as true all portions of the evidence which tend to prove the allegations of the petition."

Appellees also contend that the court erred in overruling a demurrer to the complaint, based upon the omission of allegations essential to support an insolvency proceeding, and upon misjoinder of causes of action and of parties. They contend that such defects are jurisdictional and now available. The demurrer does not appear in this record, however, and the brief fails to specify the lacking allegations claimed to be essential.

Appellee also relies on allegations of new matter in the answer and not denied, and which it says the trial court had in mind when passing upon the motion and must be taken as true by this court. These matters of defense have no place in the present consideration under the principle just stated.

This brings us to the question whether the evidence on the part of appellants failed, as matter of law, to establish insolvency. This corporation had as its principal, if not its only, asset, a certain operating agreement with Ohio Oil Company, another corporation, which owned certain oil and gas leases and

permits. Its sole business was oil drilling and exploration, as a result of which it had brought in a small commercial well—25 to 50 barrels. It had no funds, no credit, and owed $20,000. Rentals to the Ohio Oil Company were due and unpaid, endangering the loss of the corporation's principal, if not its only, asset. For two years it had failed to file its reports and pay the fees required by statute, endangering the loss of its corporate franchise. There were outstanding mechanics' liens against its equipment and lease. One Mary Burke claimed to own the drilling rig and other personal property being used by the corporation, and filed in this proceeding an intervention asserting such ownership. Its shares of stock were valueless.

Shortly before the commencement of this suit, the corporate defendant entered into a contract with defendant Burke, president and director, in which it recited, among other things, that the corporation had incurred a large amount of indebtedness, of which the sum of $13,154 was due the said Burke, and that "the said Reserve Oil Company is unable at the present time to pay or liquidate its said indebtedness, and is anxious and willing to pay or secure the same and protect its creditors from any loss or damage." By this contract the corporate defendant demised to defendant Burke all but 800 acres of the lands covered by the leases and permits, for a term of ten years and so much longer as oil or gas should be produced therefrom in paying quantities. Defendant Burke on his part agreed to cancel one-half of the indebtedness to him and to pay a 2½ per cent. royalty upon oil produced, which he was to apply to the discharge of corporate debts pro rata, and was thereafter to pay to the defendant corporation. Included in the demise was the well mentioned. The 800 acres retained by the defendant corporation was off the structure and considered valueless by geologists.

Comparing this showing of insolvency with the showing in Department Store Co. v. Hat Co., 17 N. M. 112, 125 P. 614, Ann. Cas. 1914C, 1114, we cannot doubt its sufficiency to have upheld a conclusion of insolvency. We think therefore that the court erred in sustaining the demurrer to it.

The judgment will be reversed and the cause remanded with a direction to take further proceedings consistent herewith.

It is so ordered.

SADLER, HUDSPETH, and BICKLEY, JJ., concur.

ZINN, J., being disqualified, did not participate.