219 P.2d 290

**PILON v. LOBATO et al.**

No. 5252.

Supreme Court of New Mexico.

June 9, 1950.

C. L. Collins, Las Vegas, for appellant.

Johnston Jeffries, Aztec, George F. Bruington, Aztec, G. W. R. Hoy, Farmington, for appellees.

McGHEE, Justice.

This is an action by the guardian of Sazarine Pilon, an incompetent, to cancel a deed executed by her conveying land to U. J. Lobato and wife because of her claimed mental incapacity, inadequacy of the consideration, and fraud and undue influence practiced on her by the defendants. We will refer to the parties as they appeared below.

At the conclusion of the plaintiff's case in chief the trial court granted a motion for judgment for the defendants on the ground the plaintiff had failed to make a case, and thereupon made the following findings of fact:

"1. That on the 5th day of April, 1947, in a proceeding then pending in the above entitled Court, in which Sazarine Pilon was represented by counsel, said Sazarine Pilon was duly adjudged to be an incompetent person, and Odilon Pilon was, thereupon, duly appointed as the Guardian of the Person and Estate of said Sazarine Pilon.

"2. That the Warranty Deed involved in this action, was prepared by and in the office of George F. Bruington and Johnston Jeffries, attorneys at law, in Aztec, New Mexico, on the 23rd day of November, 1946, and that in the preparation of said deed, the execution thereof, and in the closing of the transaction represented by said deed, said attorneys were not attorneys for said Sazarine Pilon.

"3. That at the time of the making, execution (by mark) and delivery of the deed involved in this cause, Sazarine Pilon did not have the benefit of legal advice, or the benefit of advice by any other person, unless it was the advice and counsel of attorneys, George F. Bruington and Johnston Jeffries, who were not acting as her attorneys, or of the Defendant, U. J. Lobato, as clearly appears from the testimony of said Sazarine Pilon, given in the trial of the above entitled cause.

"4. That Sazarine Pilon is approximately 82 years of age, does not read or write in any language, and is unable to sign her name.

"5. That Sazarine Pilon has never had any business experience in her life; that through the years during which she brought up her large family, she has never been trusted to go shopping alone, or to handle the simplest business transactions, for the reason that she does not know the value of the different denominations of money, cannot make change of money, and has always had to rely upon someone else for such matters, as appears from her own and the testimony of all of the other witnesses who testified in this cause.

"6. That according to the testimony of said Sazarine Pilon, herself, she did not know or comprehend how many acres of land she and her deceased husband owned at the time of his death, did not know or

understand how many acres of land were owned by herself and children at the time the deed in question was made, did not know or understand what her interest in said land was; that she did not know or have any conception of the value of said land per acre, or what the value of her own interest therein was; that she did not know how much money she received from her interest in the land, or for her deed conveying same to Defendants; and that she did not know what she did with whatever money she may have received for her said interest or for her said deed.

"7. That said Sazarine Pilon does not know whether she was paid in cash or by check by Defendants for her interest in the land described in the deed involved in this cause, and does not know whether such payment, if any, was made to her or to some other person.

"8. That plaintiff failed to submit testimony or proof of any kind on the questions of undue influence and of inadequate consideration; and that there was no evidence or testimony before the Court tending to show that Defendants did not pay an adequate consideration for the lands herein involved.

"9. That the evidence of the Plaintiff failed to show that Sazarine Pilon, on the date of the delivery of the deed, was not in possession of her faculties, and actually, affirmatively showed that she was desirous of conveying her property."

Based on such findings a conclusion of law was made that the complaint should be dismissed.

Although finding No. 6 might be construed as a narration of the testimony, it is accepted by the parties as a finding of fact and we so accept it.

It appears the trial court based its action principally on the finding that the claimed incompetent knew she wanted to sell her property and when she placed her mark on the deed she had accomplished such desire, feeling that such facts barred a recovery under the doctrine of Ravany v. Equitable Life Assurance Soc., 26 N.M. 514, 515, 194 P. 873, and Morgan v. Thompson, 46 N.M. 282, 127 P.2d 1037. It was also influenced by the fact that it felt the plaintiff had not shown the consideration was inadequate or that the grantor had been subjected to undue influence.

When the trial court sustained the motion all evidence introduced by the plaintiff had to be taken as true, and he was entitled to the benefit of all fair and reasonable inferences reasonably inferrable or deductible therefrom. Sanchez v. Torres, 35 N.M. 383, 298 P. 408; Mansfield v. Reserve Oil Co., 38 N.M. 187, 29 P.2d 491; Pankey v. Hot Springs National Bank, 46 N.M. 10, 119 P.2d 636.

Measured by this rule, there is no question in our minds but that the plaintiff had proven that the grantor was abso-

lutely incompetent to handle her business affairs and that she was a true mental defective. She could not make change for a half dollar, had no idea how much land she had or the extent of her interest therein, its worth, what she had received for it or what she had done with the money. These facts take the case out of the rule of the Ravany and the Morgan cases, supra. The essence of the holding against the plaintiff in the Ravany case was that Ravany knew that for a given amount of money he was purchasing a semiannual annuity for his daughter which would be paid her so long as she should live, and it was immaterial how the insurance company determined the amount it would pay.

In the Morgan case the grantor knew everything about the trade, and showed that he was a shrewd trader.

As against the motion to dismiss, we are of the opinion the plaintiff had made such a case of real mental incompetency of the grantor that it was incumbent upon the defendants to go forward with their proof and establish, if they could, the fairness of the transaction and the capacity of their grantor. Morgan v. Thompson, supra; 2 Pomeroy Eq.Jur. 947.

The judgment will be reversed and the cause remanded to the District Court with instructions to deny the motion to dismiss, vacate its findings and judgment, resume the trial and make new findings and conclusions based upon the entire record. It is so ordered.

BRICE, C. J., and LUJAN, SADLER and COMPTON, JJ., concur.