227 P.2d 939

## GARCIA v. SANDOVAL COUNTY BOARD OF EDUCATION.

### No. 5358.

Supreme Court of New Mexico.

Feb. 19, 1951.

J. Ernest Corey, Albuquerque, for appellant.

John D. Murphy, Asst. Dist. Atty., Albuquerque, for appellee.

McGHEE, Justice.

The appellant sought damages for the claimed wrongful breach of a contract he had with the appellee to furnish and drive a school bus for a term ending with the close of the 1949–1950 term. He was advised October 20, 1948, that his contract was terminated effective the first day of November following. The appellee admitted the execution and later cancellation of the contract and claimed its action was justified because of the failure of the defendant to properly service his route.

At the conclusion of the appellant's case in chief the appellee interposed the following motion: "Mr. Murphy: If the Court please, I move that the cause be dismissed. They haven't shown any failure of the State to perform. Their testimony is all by people who haven't been in the State. They weren't teaching at the time the controversy existed. I don't think they have made a prima facie case."

The trial judge remarked that the testimony was not very convincing, but the motion was overruled.

The appellee then produced witnesses who testified in an attempt to justify its action.

The record does not show that either party requested findings of fact and conclusions of law, and none were made by the trial judge. The motion the appellee made at the close of the appellant's case in chief was renewed when both sides rested and the judgment recites: "* * * and the Court having heard the evidence

of the Plaintiff, and the defendant having moved that the cause be dismissed on the grounds that the Plaintiff has not established a prima facie case upon which relief might be granted, and the Court having reserved its judgment on said motion until all evidence of defendant had been presented, and defendant again renewing the motion to dismiss on the ground that the Plaintiff had not established a prima facie case, and the Court having considered the same, finds that said motion should be granted."

The sole question tried below, as the trial court considered the matter, was whether the testimony offered by the appellant as true, and giving him the benefit of all fair and reasonable inferences reasonably inferrable or deductible therefrom, would support a judgment in his behalf. Pilon v. Lobato, 54 N.M. 218, 219 P.2d 290. However, at this point in the case, the defendant having put on his evidence, the case was ripe for findings (unless waived) in making which the trial court weighs the evidence.

The substance of the testimony of the appellant himself was that he had operated his bus in a careful manner and complied with his contract in every way; except that on a few occasions he had not driven his bus to the end of the route because the dirt roads were impassable due to heavy rains. The testimony of a number of parents whose children rode the bus was taken and it supported the appellant. Teachers who had taught at the school in former years when the appellant drove the bus to and from their school testified to his good service.

It seems the approval of the cancellation of the contract by the Superintendent of School Bus Transportation was required before it became effective. The appellant was notified by a member of the Board that the matter would be presented to such official in Santa Fe on a day named in August, at which time the parties appeared. The appellant testified that the hearing was postponed by such official until 2:00 p. m., in order to allow him to procure an attorney, and that when he appeared at the time set with a Santa Fe attorney, the Superintendent of Transportation told him to go on home as the matter had been dropped, and to get ready to operate his business at the opening of school. In October following he was advised the contract was cancelled effective November 1, as above stated.

We have not been favored with a brief by the appellee, but as a public board is involved, we have made a close examination of the record. We are satisfied that the appellant did make a prima facie case, and the ruling of the trial court was erroneous.

As the Judge who tried the case no longer occupies the office of District Judge, the case will be remanded to the lower court with instructions to set aside the judgment and grant the appellant a new trial.

It Is So Ordered.

LUJAN, C. J., and SADLER and COMPTON, JJ., concur.

COORS, J., having tried the case below, did not participate.