258 P.2d 1143

**CORNELL v. CORNELL.**

No. 5549.

Supreme Court of New Mexico.

June 18, 1953.

Rodey, Dickason, Sloan, Mims & Akin, Albuquerque, for appellant.

Martin A. Threet and Joseph R. McNeany, Albuquerque, for appellee.

COMPTON, Justice.

Appellant does not properly appraise the court's findings as to the burden resting on him. In its finding Number 28, quoted in the opinion, the trial court does say the appellant failed to sustain the burden resting on him to show that he made a full disclosure as to appellee's rights, the value and extent of community property, and so forth. It is true that the appellee sought in her second cause of action not only to set aside the order contained in the final decree of divorce of June 13, 1947, approv-

ing the settlement agreement bearing that date, but also to set aside and nullify the agreement itself, both by reason of fraud present in each. But one has only to examine this record to observe that throughout the parties litigated the fairness and equitable character of this settlement. Indeed, an examination of the proceedings at the trial is convincing that the parties actually ignored the fact there had been an approval of the settlement agreement in the decree as the parties "rolled up their sleeves, spit on their hands and took off from scratch," to speak figuratively as well as colloquially. The situation is not unlike that described in Beals v. Ares, infra, where the court said [25 N.M. 459, 185 P. 784]:

"The appellee seemingly places no reliance upon the judgment of the court in the divorce proceedings, which attempted to confirm the property settlement and to quiet appellee's title to the real estate and property in question. This phase of the matter may be dismissed from consideration with the observation that the complaint in the divorce suit did not invoke the jurisdiction of the court as to the property rights of the parties; hence the decree entered would not, in that regard, conclude the appellant."

Counsel for appellee assert the trial court treated the issue of division of community property as withdrawn by the parties from consideration by the court in the 1947 suit and, hence, not res adjudicata in this case. If so, that would put the case directly under authority of the language quoted from Beals v. Ares, next above. But whether so or not, and even though validity of the settlement may be deemed tendered as an issue by the pleadings, all parties at the trial acquiesced in the trial judge's view that the settlement was subject to direct challenge at the outset and the question was litigated accordingly.

As already mentioned in finding Number 28, the court said the appellant had failed to discharge the "burden placed on him," etc. What burden? The court doesn't say but we all know it was not "the burden of proof," even had it been so designated as it is in the court's conclusions of law. That burden attends plaintiff at the start in all civil actions and never shifts. The duty of going forward with the evidence may shift from time to time throughout the trial but the burden of proof, *never*. IX Wigmore on Evidence, p. 270, Sec. 2485 et seq. (Third Edition). See, also, Hepp v. Quickel Auto & Supply Co., 37 N.M. 525, 25 P.2d 197. Now it was this "burden" or "duty" the court was speaking of in questioned finding Number 28. The court was absolutely right in saying what it did, if actually *when said* the court had made up its mind that approval of the settlement was not binding and that

the settlement itself should be set aside, as unquestionably it had.

■ Some confusion may arise from the fact that in her complaint appellee had moved against dual objectives—the *decree* and the *settlement*. It is to be noted that both bear the same date—June 13, 1947. Certainly, if relied upon, there would be no presumption that the decree is fraudulent. Who has said so? Not this court! Not the trial court! Yet, appellant's counsel repeatedly have claimed such to be the effect of the trial court's holding. Appellant can not point out a single place in the record where the trial court made such an absurd remark. Nor does it otherwise appear from the record that the trial judge was forgetful of the fundamental as well as elemental concept that ordinarily the burden of proof on the case as a whole rests with the plaintiff and remains there throughout. Id., p. 285, Sec. 2489.

Fundamentally, the decisive fact in this whole case is that the appellee wife did not have competent counsel or other advice to guide and protect her in reaching agreement with her husband on a division made of the community property, which as the trial court found gave the wife far less than her share of such property. See Beals v. Ares, 25 N.M. 459, 185 P. 780; Curtis v. Curtis, 56 N.M. 695, 248 P.2d 683. Naturally, it was a delicate situation for the trial judge to deal with. It is a tragic fact, but enough appears from the record fairly to establish it in support of the court's finding that the shadows already, *at the very time of this agreement*, were beginning to enshroud the brilliant mind of appellee's counsel, deepening finally into its almost total eclipse. It is distressing to say these things and it is no less tragic that the condition disclosed had to happen. But it is the hard *kernel* of truth in this case that will not down, which no argument can neutralize or render innocuous. The trial court placed in its decision the bare facts which support the foregoing statement. The trial judge's written opinion filed in the case amplifies and explains what was in his mind in the findings made in the "decision" filed, where in the preamble, the court said:

"A detailed recitation of the evidence in the record would serve no useful purpose in this opinion, but in order to furnish a guide in the preparation of Findings of Fact, certain ultimate facts should be discussed at this time.

"The Court specifically finds that Mr. ——— (plaintiff's attorney) did not inform Plaintiff of the value of the community estate, and further, that Plaintiff had no other information as to its value from any other source.

"Applying the standards set forth in Beals v. Ares, 25 N.M. 459, at page 507 [185 P. 780], it would seem that

the burden has not been met by the Defendant to show the payment of an adequate consideration, or that the value of the community property was made known to the Plaintiff, or that the Plaintiff had 'competent' legal advice from her attorney. The Court experiences no pleasure in announcing the last phrase of the foregoing sentence, but has long been of the opinion that being a Trial Judge is a poor way of entering a popularity contest." (Emphasis ours.)

The fact that the trial judge who signed the original decree and counsel representing appellant at the time detected nothing in the condition of appellee's then counsel, suggesting failing mental powers, though having probative value, is not conclusive. The settlement he then approved for his client and his actions throughout as reflected by the findings leave only two explanations open to adopt: (1) either her counsel was fraudulently indifferent to his client's interests, or (2) the shadows of the impending mental disturbance, later to become pronounced and obvious to all, were now beginning to fall over this once keen and alert mind and darken the pathway of life for him. Viewed in retrospect, against a background of the settlement he permitted her to accept, and his conduct of the negotiations as found by the court, the trial judge did not err in attributing this to the on-coming mental disturbance of which

there is adequate evidence in the record under the test here applicable, rather than to venality of which there is no evidence whatever.

The motion for rehearing will be denied. It is so ordered.

SADLER, C. J., and COORS and LUJAN, JJ., concur.

McGHEE, J., did not participate.