498 P.2d 689

**Robert H. WITZKE, Plaintiff-Appellant,**

v.

**John DETTWEILER, Defendant-Appellee.**

**No. 831.**

Court of Appeals of New Mexico.

June 2, 1972.

Phil Krehbiel, James R. Toulouse, Toulouse & Moore, Albuquerque, for plaintiff-appellant.

John B. Tittmann, Keleher & McLeod, Albuquerque, for defendant-appellee.

## OPINION

WOOD, Chief Judge.

Plaintiff's appeal in this medical malpractice case presents issues concerning (1) substantial evidence; (2) burden of proof; and (3) closing argument.

*Substantial evidence.*

Plaintiff, a long time patient of defendant, went to defendant's office on the morning of February 14, 1968, at which time he told defendant of the onset of pain. Upon the conclusion of the office visit, plaintiff, on the advice of defendant, returned home and went to bed. Around 9:00 a. m. on February 15th, plaintiff's wife telephoned defendant and informed defendant as to developments in plaintiff's condition subsequent to the office visit. About 4:00 p. m. on February 15th, defendant called at plaintiff's home, found plaintiff to be seriously ill, and immediately hospitalized him. An operation discovered and repaired a perforated ulcer.

Plaintiff sued defendant for malpractice. The evidence presented two theories of malpractice. First, a negligent diagnosis at the time of the office visit on February 14th; the diagnosis being pain of a pleuritic nature. Second, a negligent failure to care for plaintiff by failing to either immediately make a house call or hospitalize plaintiff after the wife's telephone call on the morning of February 15th.

The trial court found that defendant was not negligent and that: "In examining, diagnosing and treating plaintiff on February 14 and 15 defendant exercised the usual degree of care and skill common to medical doctors under the same circumstances." See N.M. U.J.I. 8.1. Plaintiff contends these findings are not supported by substantial evidence.

Plaintiff states: "Crucial to Plaintiff's case are the facts as they appeared to Defendant upon his initial examination of Plaintiff on February 14, 1968, when

Plaintiff first came to Defendant complaining of pain. . . ." We agree. In addition, the information imparted to defendant by the telephone call on February 15th is also of importance. The facts, and defendant's response to them, are established by findings of fact which are not challenged. These unchallenged findings then are the facts before us on appeal. Wood v. Citizens Standard Life Insurance Company, 82 N.M. 271, 480 P.2d 161 (1971).

These unchallenged findings are:

"2. Defendant was plaintiff's family doctor since approximately 1951 and during that time diagnosed and treated plaintiff for various complaints including peptic ulcer, sinusitis, bronchitis, emphysema, pleurisy and heart disease.

"3. On February 14, 1968 plaintiff called at defendant's office accompanied by his then wife, and advised the defendant that while eating milk and toast for breakfast he had a severe epigastric pain which radiated lower into mid abdomen and pain in both costal arches. His main complaint was that he could not breath [sic].

"4. Defendant examined plaintiff in his examining room where plaintiff was seated on the examining table. Plaintiff walked into an outer examination room. He could not specifically locate or describe the pain.

"5. Defendant examined plaintiff's chest with a stethoscope which indicated congestion in both lower lungs. Plaintiff's abdomen was tender but not rigid. Plaintiff was not perspiring, was not pale and stood relaxed. There was no physical indication of extreme disabling pain.

"6. Defendant diagnosed plaintiff's complaints as pain of a pleuritic nature, prescribed medication and directed plaintiff to remain in bed.

"7. The following morning, February 15, 1968, plaintiff's then wife called defendant and advised that plaintiff had vomited during the night a dark substance which defendant assumed could be blood. When asked by defendant what his condition was otherwise, she replied about the same. Defendant advised plaintiff's wife that he would see plaintiff that day but to call him if his condition got worse. Defendant received no further call.

"8. In the afternoon of February 15, 1968, at approximately 4:00 o'clock pm defendant called at plaintiff's home and found him to be in a serious condition. He immediately obtained an ambulance and sent plaintiff to Presbyterian Hospital where later that day he was operated on by Dr. M. Brown. The operation disclosed a perforated duodenal ulcer which was successfully repaired."

The doctor who testified for plaintiff expressed an opinion as to malpractice on the basis of plaintiff's history and the facts as he knew them. This doctor also testified that under circumstances revealed by the unchallenged findings quoted above a diagnosis of perforated ulcer should not be made. This doctor also testified that as to defendant's asserted negligent failure to take immediate action after the telephone call on February 15th, " . . . it would depend on what the conversation was." That conversation, referred to in unchallenged finding 7, differs from the facts which were the basis of the doctor's opinion.

Further, plaintiff's doctor testified as to the standard of care. This standard was based on assumed facts which differ from the facts set forth in the unchallenged findings.

■ We review the evidence in the light most favorable to the successful party in determining whether there is substantial evidence to support the findings. Aetna Casualty & Surety Co. v. Woolley, 83 N.M. 397, 492 P.2d 1260 (Ct.App.1972). The testimony of plaintiff's doctor, on the basis of facts revealed in the unchallenged findings, is substantial evidence which supports the finding of no negligence and the find-

ing that defendant exercised the requisite standard of care.

■ Since there is substantial evidence supporting the finding of no negligence, we need not review the testimony of other physicians and need not consider other findings challenged by plaintiff.

*Burden of proof.*

"The basis of Plaintiff's argument on this point is that Defendant failed to present in evidence competent expert testimony establishing that his actions were within the reasonable standards of medical practice for this community to rebut Plaintiff's expert testimony that they were not. . . ."

This contention assumes that plaintiff's evidence established a breach of the standard of care. The breach supported by plaintiff's witnesses is based on assumed facts which were not found to be facts by the trial court. Since the trial court's findings as to the information known to defendant are not challenged, the assumption that plaintiff's expert established a violation of the standard of care is incorrect.

■ Plaintiff is also incorrect in asserting that defendant had a duty to present evidence that his actions were within the standards of medical practice. Plaintiff had the burden of persuading the trial court that defendant committed malpractice. J. A. Silversmith, Inc. v. Marchiondo, 75 N.M. 290, 404 P.2d 122 (1965); Wallace v. Wanek, 81 N.M. 478, 468 P.2d 879 (Ct.App.1970). This burden of persuasion remained with plaintiff throughout the case. Cornell v. Cornell, 57 N.M. 380, 258 P.2d 1143 (1953); Navajo, etc., Co. v. Gallup St. Bank, 26 N.M. 153, 189 P. 1108 (1920).

■ Initially, plaintiff also had the burden of producing evidence. Once plaintiff presented evidence of malpractice by defendant, then defendant had the burden of producing conflicting evidence in order to avoid a decision on undisputed facts. See Mayfield v. Keeth Gas Company, 81 N.M. 313, 466 P.2d 879 (Ct.App.1970); compare Brown v. Safeway Stores, Inc., 82 N.M. 424, 483 P.2d 305 (Ct.App.1970). Defendant produced conflicting evidence; a portion of defendant's evidence is reflected in the unchallenged findings. Defendant did not have the burden of persuading the trial court of *no* malpractice; plaintiff did have the burden of persuading the trial court that malpractice occurred. Plaintiff failed in this burden.

*Closing argument.*

■ According to plaintiff, his counsel " . . . wanted to make a closing argument, but . . . his request was denied by the court, and the court issued its decision immediately. . . ." We do not reach the question as to the "right" to closing argument in a trial before the court. This question is not reached because plaintiff's contention is not supported by the record.

The record shows that counsel asked the trial court for permission to submit requested findings of fact and conclusions of law, together with legal authorities "rather than argue tonight." Defense counsel had no objection. The trial court then announced that it would find for defendant and told counsel they could submit requested findings if they desired to do so. This record shows that plaintiff did not wish to argue the case at the conclusion of the trial; it does not show a request for closing argument was denied; it does not show that plaintiff would not have been allowed to submit a brief at the time requested findings and conclusions were submitted.

The judgment is affirmed.

It is so ordered.

HENDLEY and COWAN, JJ., concur.