520 P.2d 869

Edward J. GERETY, Petitioner,

v.

Henry C. DEMERS, Respondent.

No. 9844.

Supreme Court of New Mexico.

Feb. 1, 1974.

Rehearing Denied April 9, 1974.

———◆———

Rodey, Dickason, Sloan, Akin & Robb, P. A., Bruce D. Hall, Albuquerque, for petitioner.

Marchiondo & Berry, Mary C. Walters, Albuquerque, for respondent.

## OPINION

STEPHENSON, Justice.

Mr. Demers sued Dr. Gerety in this Bernalillo County medical malpractice suit and was granted judgment. Dr. Gerety appealed to the Court of Appeals which affirmed. 85 N.M. 641, 515 P.2d 645 (Ct.App.1973). The parties will be designated as they appeared in the trial court.

Considering the opinion of the Court of Appeals to be in conflict with Rule of Civil Procedure 50(b), [§ 21–1–1(50)(b), N.M. S.A.1953] we granted certiorari.

The background necessary for the consideration of the points which concern us are stated in the opening paragraphs of the opinion of the Court of Appeals. Briefly stated, the plaintiff relied on three theories; negligent performance of surgery, lack of consent to the surgery and lack of informed consent to it. In a motion for directed verdict at the close of the plaintiff's case and at the close of all the evidence, as well as in a motion for judgment notwithstanding the verdict, the defendant asserted that there was no substantial evidence to form the basis of any issue of fact for decision by the jury on any of the stated theories of liability.

On appeal, the Court of Appeals in its opinion on rehearing, determined that it need not review the sufficiency of the evidence on the theories of negligent surgery or lack of informed consent, although it proceeded to consider whether substantial evidence of lack of consent existed and held that it did.

The basis of the Court of Appeals' refusal to review the mentioned issues was that notwithstanding defendant's motions at the close of the plaintiff's case and of all of the evidence, defendant nevertheless thereafter failed to object to an instruction given the jury predicated upon Uniform Jury Instruction No. 3.1 which stated plaintiff's three theories of liability in the alternative, and, in fact, requested an instruction in an almost identical form.

Defendant contended in the Court of Appeals that the record should be reviewed to determine the sufficiency of the evidence as of the time of the rulings on the motions for a directed verdict. The Court of Appeals rejected this contention, reasoning that defendant's failure to object to the mentioned instruction and, perhaps, in requesting a similar one, approved the submission of all three theories of liability to the jury, and that the instruction given thereupon became the law of the case and precluded defendant's right to review on appeal the matters raised by his motions for directed verdict. The basis for the Court of Appeals rationale was said to be Platero v. Jones, 83 N.M. 261, 490 P.2d 1234 (Ct.App.1971); Griego v. Conwell, 54 N.M. 287, 222 P.2d 606 (1950) and, at a later point, Marchant v. McDonald, 37 N.M. 171, 20 P.2d 276 (1933).

The defendant, having sought unsuccessfully by motions for directed verdict to take each of plaintiff's theories of liability away from the jury, the question presented is whether his right of appellate review of the correctness of the court's rulings on his motions was extinguished by his failure to object to Instruction No. 1 and his request of a similar instruction.

Rule of Civil Procedure No. 50(b) provides in pertinent part:

"Whenever a motion for a directed verdict made at the close of all the evidence is denied or for any reason is not granted, *the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion.* Not later than ten [10] days after entry of judgment, a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict; * * *." (Emphasis supplied.)

■ Bearing in mind that the issue of whether evidence is sufficient to create a fact issue for jury determination is a question of law for the court, 9 Wright and Miller, Federal Practice and Procedure, § 2524 (1971), it seems clear that the opinion of the Court of Appeals fails to give effect to the provision of Rule 50(b) and entirely disregards the portion of the first sentence of the rule which we have emphasized. The quoted portion of the second sentence of the rule, moreover, rather clearly indicates that on motion for judgment n. o. v. the movant is entitled to assert the legal question raised "in accordance with his motion for a directed verdict". This of necessity would require, when the issue is whether or not the evidence is sufficient, a review of the record as it existed at that time.

■ The correct rule which should have been applied in this case is stated in Coca Cola Bottling Co. of Black Hills v. Hubbard, 203 F.2d 859 (8th Cir. 1953) where the court said:

"The plaintiff asserts that, since no exceptions were taken to the instructions of the court, they became the law of the case for determining the sufficiency of the evidence to support the verdict and judgment, citing Carter Carburetor Corp. v. Riley, 8 Cir., 186 F.2d 148. The plaintiff's statement, which finds support

in many opinions of this Court, is an erroneous statement of the law, and is now expressly disapproved and overruled.

"It is true, of course, that an appellant may not challenge on review the correctness of instructions to which he took no exceptions or only a general exception. Rule 51 of the Federal Rules of Civil Procedure, 28 U.S.C.A.; Palmer v. Hoffman, 318 U.S. 109, 119, 63 S.Ct. 477, 87 L.Ed. 645 and cases cited; Palmer v. Miller, 8 Cir., 145 F.2d 926, 930. In that sense, and in that sense only, it may be said that the instructions to which no exceptions are taken become the law of the case for determining whether the instructions are subject to review on appeal. See Union Pacific Railroad Co. v. Denver-Chicago Trucking Co., Inc., 8 Cir., 202 F.2d 31, 37–38. But in determining whether a trial court has erred in denying a motion for a directed verdict made at the close of the evidence, it is the applicable law which is controlling, and not what the trial court announces the law to be in his instructions. This Court must ascertain for itself what the applicable law is, whether the instructions were excepted to or not. A proper motion for a directed verdict and its denial will always preserve for review the question whether under the law truly applicable to the case there was an adequate evidentiary basis for the submission of the case to the jury."

See also Gorsalitz v. Olin Mathieson Chemical Corporation, 429 F.2d 1033, 1040 (5th Cir. 1970) and Johnson v. United States, 434 F.2d 340, 343 (8th Cir. 1970).

There is nothing inconsistent between what we have said and the cases which the Court of Appeals relied upon. In Platero, supra, it was merely stated that a party could not object to a finding of fact which he himself had requested. Griego, supra, so far as here pertinent contained a general statement to the effect that instructions to which objections are not made are the law of the case. Neither case was comparable to the case at bar in that neither involved the issue of Rule 50(b), or as of when evidence is to be reviewed when the question of its sufficiency has been raised in accordance with that rule, or whether the workings of Rule 50(b) under such procedures are in some manner modified by failure to object to an instruction inconsistent with the theories raised by the defendant in his motion for directed verdict.

■ Inasmuch as further action will be required by the Court of Appeals, the concluding paragraph of its majority opinion merits comment. The statement is there made that the general verdict should be affirmed if any one of plaintiff's theories is sustained by the evidence. We assume that this statement is predicated upon the erroneous application of Rule 50(b) which we have regretfully felt obliged to strike down. Our assumption is predicated upon the Court of Appeals having cited Reed v. Styron, 69 N.M. 262, 365 P.2d 912 (1961) in which we said:

"It is error to instruct on a proposition of law not supported by the evidence. Martin v. La Motte, 55 N.M. 579, 237 P.2d 923; Thompson v. Anderman, 59 N.M. 400, 285 P.2d 507. We must assume that the jury considered the instruction and may have been misled to plaintiff's prejudice."

For the reasons stated the case must be remanded to the Court of Appeals with directions that the court consider whether or not there was substantial evidence to justify the submission of the plaintiff's theories of negligent surgery and lack of informed consent to the jury, and for such further action thereafter as may be appropriately consistent with this opinion.

It is so ordered.

McMANUS, C. J., and OMAN, MONTOYA and MARTINEZ, JJ., concur.