529 P.2d 278

Henry C. DEMERS, Plaintiff-Appellee Cross-Appellant,

v.

Edward J. GERETY, Defendant-Appellant Cross-Appellee.

No. 1098.

Court of Appeals of New Mexico.

Oct. 16, 1974.

Rehearing Denied Oct. 30, 1974.

Certiorari Denied Nov. 27, 1974.

Bruce D. Hall, Stuart S. Keown, Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, for defendant-appellant and cross-appellee.

Charles G. Berry, Marchiondo & Berry, Mary C. Walters, Albuquerque, for plaintiff-appellee and cross-appellant.

## OPINION

HENDLEY, Judge.

This medical malpractice case is before us for the second time. In our original decision, Demers v. Gerety, 85 N.M. 641, 515 P.2d 645 (Ct.App.1973), we affirmed, holding, among other things, that since the trial court correctly denied directed verdict and judgment n. o. v. motions as to one of plaintiff's theories—lack of consent to the operation—we did not need to decide whether he was also correct as to plaintiff's other theories. Our Supreme Court in Gerety v. Demers, 86 N.M. 141, 520 P.2d 869 (1974), reversed on procedural grounds as to this point, holding that § 21–1–1(50)(b), N.M.S.A.1953 (Repl. Vol. 4, 1970) requires that we must decide the propriety of the trial court's ruling as to plaintiff's other two theories: (1) Negligent Surgery; and, (2) Lack of Informed Consent.

We will not repeat the facts stated in Demers v. Gerety, (Ct.App.), supra.

### Negligent Surgery

On November 13, 1967 defendant Gerety surgically revised plaintiff's ileostomy (small intestine outlet through the abdominal wall). Plaintiff alleged the surgery was negligently performed. His theory concerns the proper length of the stoma protruding from plaintiff's abdomen. He claimed the proper length was approximately one and one-half to two centimeters and that his was flush to the skin. Even assuming there was conflicting evidence on the duty of care—the proper stoma length—and the breach of that duty, there was no evidence that the alleged failure of defendant to make a long enough stoma caused plaintiff's damages.

Damages consisted of the costs, pain and disability suffered by plaintiff by reason of two subsequent operations on his ileostomy. The uncontradicted evidence on the record establishes that the two operations were performed to cure an abscess (a collection of purulent material, like a boil) on the bowel wall that had produced a bowel obstruction. Uncontradicted evidence also established that the abscess was caused by necrosis (the dying of skin by loss of blood supply) of the ileostomy stoma that allowed bacteria to enter the bowel wall. There is no medical evidence that the necrosis was caused by the alleged shortness of the stoma. Cervantes v. Forbis, *73 N.M. 445, 389 P.2d 210 (1964).* Lay testimony under the facts of this case will not suffice. See Mascarenas v. Gonzales, *83 N.M. 749, 497 P.2d 751 (Ct.App. 1972).* Since there was no expert testimony, there was no issue as to causation and the trial court incorrectly denied defendant's motion to direct a verdict on the issue of negligent surgery. We must therefore reverse. Gerety v. Demers, (Sup.Ct.), supra; Reed v. Styron, 69 N.M. 262, 365 P.2d 912 (1961).

### Lack of Informed Consent

Since our prior opinion decided there was a lack of consent, it goes without saying, there could not have been any informed consent.

### Cross-Appeal

Plaintiff raises a valid cross-appeal (see Frederick v. Younger Van Lines, 74 N.M. 320, 393 P.2d 438 (1964)) conditioned on a reversal in the appeal proper. Since we do reverse we consider plaintiff's two points: (1) the trial court erred in instructing that the burden of proving lack of consent and lack of adequate disclosure was on plaintiff; and, (2) the trial court erred in twice instructing that liability be considered before damages.

### Burden of Proof

Plaintiff argues that since the physician-patient relationship is "fiduciary" the burden of proof is on the physician as

to the questions of inadequate disclosure prior to gaining consent and the competency of the patient to validly consent. See 54 Am.Jur. Trusts § 602 (1945); Moore v. Webb, 345 S.W.2d 239 (Mo.App.1961). We held in our prior opinion in this case, Demers v. Gerety, (Ct.App.), supra, that the physician-patient relationship was fiduciary in nature. By that description we meant only that "utmost good faith toward the patient" is required in disclosure of the possible consequences of medical treatment. We did not mean thereby to incorporate the entire law of fiduciaries into malpractice actions.

 Failure of a physician to reasonably disclose to a patient all significant facts concerning medical treatment is malpractice. Woods v. Brumlop, 71 N.M. 221, 377 P.2d 520 (1962). In malpractice actions the burden of proof rests on the plaintiff. Witzke v. Dettweiler, 83 N.M. 802, 498 P.2d 689 (Ct.App.1972). We agree with the courts that have found no reason to arbitrarily except "inadequate disclosure" cases from this rule. Funke v. Fieldman, 212 Kan. 524, 512 P.2d 539 (1973); Haven v. Randolph, 342 F.Supp. 538 (D.C.D.C., 1972); Conrey v. McGehee, 473 S.W.2d 617 (Tex.Civ.App.1971); Kaplan v. Haines, 96 N.J.Super. 242, 232 A.2d 840 (1967).

██ Further, competency is presumed in the law. Grannum v. Berard, 70 Wash.2d 304, 422 P.2d 812, 25 A.L.R.3d 1434 (1967); 61 Am.Jur.2d, Physicians, Surgeons, etc., § 157 (1972). Plaintiff must rebut that presumption; that burden is his. Grannum v. Berard, supra; Dicenzo v. Berg, 340 Pa. 305, 16 A.2d 15 (1940).

██ As part of this point plaintiff objects to the trial court's instruction No. 10, which states:

"It is the duty of every person to read an instrument before he signs it, if he can read. If he cannot read or understand an instrument, it is his duty to have the instrument read and explained to him before he signs it. If he fails to do so, he cannot claim that his intentions were other than is represented in the instrument."

Plaintiff correctly objected. This instruction erroneously failed to recognize that if a party is incompetent (or under such sedation as would destroy competency) at the time of entering in a contract, that agreement is invalid. Pilon v. Lobato, 54 N.M. 218, 219 P.2d 290 (1950); Morgan v. Thompson et al., 46 N.M. 282, 127 P.2d 1037 (1942). No other instruction covered the point.

*Repetitious Instructions*

Plaintiff argues that the giving of U.J.I. Nos. 14.1 and 17.8 unduly emphasized, by repetition, the "consideration of liability before damages" instruction. This argument is without merit. Clinard v. Southern Pacific Company, 82 N.M. 55, 475 P.2d 321 (1970) states: ". . . our U.J.I. *requires* that both 14.1 and 17.8 are to be given, purposely to cover the subject-matter twice." [Emphasis added]. Also see Tafoya v. Whitson, 83 N.M. 23, 487 P.2d 1093 (Ct.App.1971).

The case is reversed and remanded to the trial court for a new trial consistent with this opinion.

It is so ordered.

HERNANDEZ, J., concurs.

SUTIN, J., dissents.

SUTIN, Judge (dissenting).

In Gerety v. Demers, 86 N.M. 141, 520 P.2d 869 (1974), the Supreme Court said:

For the reasons stated the case must be remanded to the Court of Appeals with directions that the court consider *whether or not there was substantial evidence to justify the submission of the plaintiff's theories of negligent surgery* and *lack of informed consent* to the jury . . .. [Emphasis added.] 520 P.2d at 871.

(A) *Lack of Informed Consent Answered*

In Demers v. Gerety, 85 N.M. 641, 515 P.2d 645 (Ct.App.1973), (Sutin, J., concurring), the issue of "lack of informed consent" was answered. As I explained in that opinion, there was substantial evidence to justify submission to the jury of plaintiff's theory of lack of informed consent.

(B) *Substantial Evidence Supports Plaintiff's Theories of Lack of Consent and of Unauthorized Operation as Proximate Causes of Damage*

The Supreme Court in *Gerety* requested this court to determine whether or not there was substantial evidence to justify submission to the jury of "plaintiff's theories of negligent surgery and lack of informed consent." We must assume that when the Supreme Court referred to "plaintiff's theories" the court was referring to the theories submitted to the jury by Instruction No. 1. There were no other theories submitted.

Instruction No. 1 reads in substantial part as follows:

The plaintiff claims that he sustained damages and that the proximate cause thereof was one or more of the following claimed acts of malpractice:

1. The defendant proceeded to perform an operation upon him and in so doing failed to possess and apply the knowledge and use the skill and care which would be used by reasonably well qualified specialists in the same field practicing under similar circumstances.

2. The defendant proceeded to perform an operation upon the plaintiff without first obtaining a legal consent therefor.

3. The defendant proceeded to perform an operation upon the plaintiff which was different from any operation authorized by the plaintiff.

The plaintiff has the burden of proving that he sustained damage and *that one or more of the claimed acts was the proximate cause thereof*. [Emphasis added.]

Except for substitution of the word "malpractice" for "negligence," this in-

struction is identical with that stated in U. J.I. 3.1. The Directions on Use for that instruction states:

This is the most important single instruction in the lawsuit and court and counsel should give particular attention to it. . . .

What this instruction means is clear and unambiguous. If a plaintiff claims three acts of medical malpractice and proves that one of them is the proximate cause of the damage, he is entitled to recover. Plaintiff does not have to prove each and every one of his theories, for "[s]uch is not the language [of the instruction]. The language reads 'one or more.'" Tafoya v. Whitson, 83 N.M. 23, 28, 487 P.2d 1093, 1098 (Ct.App.1971).

We must determine whether there was substantial evidence to support item (2) in the above instruction. That is, did the defendant proceed to perform an operation upon the plaintiff without first obtaining a legal consent therefor which was a proximate cause of plaintiff's damage?

The answer is "Yes." The opinion of the court and my own concurring opinion in *Demers*, 85 N.M. 641, 515 P.2d 645, analyze the substantial evidence which leads to that conclusion. Defendant did not obtain a legal consent before operating on plaintiff. Without consent, he had no right to operate. This unlawful act (the operation) was the proximate cause of plaintiff's injuries. It is unnecessary, with regard to this point, to inquire about defendant's surgical technique.

The same conclusion is reached on item (3) in the above instruction. Plaintiff consented to an operation for "repair of the ventral hernia." Defendant performed a revision of the ileostomy. This operation was not authorized by plaintiff, and it was, as stated above, a proximate cause of plaintiff's damage.

(C) *Negligence by a physician is not confined to negligence in diagnosis and treatment.*

The majority opinion limits its discussion of negligent surgery to a considera-

tion of item (1) in the above instruction, that defendant failed to perform the operation with care and skill. This is incorrect because defendant should not have performed the operation at all. The majority of this court incorrectly applies the ruling of the Supreme Court in *Gerety* to the facts of this case. By implication, the majority opinion has changed "theories" in the Supreme Court's opinion into "theory." The opposite of plural is singular. It fails to recognize that items (2) and (3) in the above instruction constitutes "negligent surgery" as much as item (1).

The time has come to make clear, that *absent consent,* a plaintiff need not prove negligence in diagnosis or in operating procedure on a negligence theory against a physician. Lack of negligence in performing the treatment or operation is no defense. Proof of defendant's causal negligence in performing the operation is not relevant. Judgment N.O.V. is erroneous. Gray v. Grunnagle, 423 Pa. 144, 223 A.2d 663 (1966); 52 Iowa L.Rev. 786 (1967). There is no inconsistency between a failure to inform and a charge of negligence in the performance of an operation. Mayor v. Dowsett, 240 Or. 196, 400 P.2d 234 (1965).

(D) *Defendant was not entitled to a directed verdict or judgment N.O.V.*

The Supreme Court in Gerety v. Demers held that, under Rule 50(b) of the Rules of Civil Procedure, the legal question is whether or not the evidence is sufficient, at the close of all the evidence, to submit the case to the jury upon the issues raised by the plaintiff. Plaintiff's evidence shows, (1) that defendant performed an operation on plaintiff without legal consent, and (2) that defendant performed an operation on plaintiff which was not authorized. Demers v. Gerety (opinion of the court and concurring opinion). Thus two of the issues raised with regard to negligent surgery were properly submitted to the jury. Consequently, defendant was not entitled to a directed verdict or judgment N.O.V.

Seven years have passed since plaintiff was damaged. The jury decided in plaintiff's favor. One must conclude that defendant was negligent in the performance of his duty as a surgeon. We should not discover an extraneous avenue to travel to reverse the case. Neither should we, as a court of review, substitute our judgment for that of the jury.