878 P.2d 326

**STATE of New Mexico, Plaintiff–Petitioner,**

v.

**Robert DANEK, Defendant–Respondent.**

**No. 21276.**

Supreme Court of New Mexico.

June 23, 1994.

Tom Udall, Atty. Gen., Jerome Marshak, Asst. Atty. Gen., Santa Fe, for petitioner.

Toulouse & Associates, P.A., James R. Toulouse, John G. Travers, Albuquerque, for respondent.

## OPINION

RANSOM, Justice.

Having considered the State's motion for rehearing of our opinion filed June 2, 1994, we deny such motion. In doing so, we withdraw our original opinion and substitute the following.

In an appeal by the State, the Court of Appeals affirmed the trial court's grant of a new trial to Robert Danek. *State v. Danek,* 117 N.M. 471, 872 P.2d 889 (Ct.App.1993). We issued our writ of certiorari to the Court of Appeals because of the pendency on certiorari of *State v. Griffin,* 117 N.M. 745, 877 P.2d 551 (1994), in which we have today filed an opinion. We consider whether the Court of Appeals should have remanded the case to the trial court specifically to decide if the new trial remains warranted in light of the holding on appeal that only one, as opposed to three, evidentiary errors were made by the trial court. We necessarily consider collateral issues and affirm with instructions.

The full factual and procedural background of this case is set forth in the opinion of the Court of Appeals and will not be repeated. In essence, Danek was convicted on multiple counts of fraudulent commodities practices and unlawfully selling a commodity contract; he was acquitted on the alternative charges of fraudulently selling securities and unlawfully selling security contracts. He also was convicted on multiple counts of selling securities without a license and on one count of operating an illegal pyramid promotional scheme.

At the end of an eight-day trial, the trial court denied Danek's motion for a judgment notwithstanding the verdict but granted his motion for a new trial. The court believed that it had committed several errors that resulted in prejudice to the defendant: (1) it gave an incorrect statement of the law by instructing the jury with a uniform jury instruction defining "security", (2) it erroneously admitted evidence of Danek's prior conviction for fraud, (3) it erred in allowing experts on both sides to testify to the correct definition of security and then clothed the State's witness with a mantle of credibility by giving an instruction that matched his definition, and (4) cumulative error resulted in an unfair trial.

The Court of Appeals held that the trial court had committed only one error and, using the test set out in *State v. Gonzales,* 105 N.M. 238, 241, 731 P.2d 381, 384 (Ct.App. 1986), *cert. quashed,* 105 N.M. 211, 730 P.2d 1193 (1987), determined that the error was substantial enough to warrant the exercise of the trial court's discretion in granting a new trial in the interests of justice. We affirm the Court of Appeals with the exception that we instruct the trial court to decide whether a new trial remains warranted based on any prejudice caused by the single evidentiary error.

*Jury instruction defining "security" was correct.* The Court of Appeals determined

that the trial court could not grant a new trial on the basis that it disagrees with a uniform jury instruction, citing to *State v. Chavez*, 101 N.M. 136, 139, 679 P.2d 804, 807 (1984) (*Chavez II*). The Court of Appeals rendered its opinion before we handed down our opinion in *State v. Wilson*, 116 N.M. 793, 867 P.2d 1175 (1994). *Wilson* clarifies *Alexander v. Delgado*, 84 N.M. 717, 507 P.2d 778 (1973), and holds that the Court of Appeals is not prohibited from considering error in jury instructions unless this Court already has ruled on the propriety of such instructions in cases and controversies that comprise controlling precedent. 116 N.M. at 795–96, 867 P.2d at 1177–78. Thus, the Court of Appeals did not pass upon whether the instruction used (SCRA 1986, 14–4310 (Cum.Supp.1992)) is a valid statement of the law. *Chavez II* is today overruled on other grounds by this Court in *Griffin*.

■ The holding in *Chavez II* regarding jury instructions was that because "[i]n no event may an *elements* instruction be altered," 101 N.M. at 139, 679 P.2d at 807 (quoting the general use note to the Uniform Jury Instructions) (emphasis added), the district court "erred in finding [that the] approved instructions were inadequate and confusing as a basis for the new trial." *Id.* In this case, the court was questioning an instruction defining "security", not an instruction setting out the elements of a crime. Because a trial court may otherwise alter an instruction to fit the circumstances of the case before it, *see* SCRA 1986, General Use Note to Judicial Pamphlet 14, the principle expressed in *Chavez II* is not applicable in this case.

The jury was instructed, over objection by Danek, that a "security" is

> an investment contract, a participation in any profit-sharing agreement or any guarantee of any of the foregoing. An "investment contract" means a contract where an individual invests his or her money . . . in an undertaking or venture of two or more people or entities . . . with an expectation of profit . . . based primarily on the efforts of others. An "investment" is the use of money to make more money.

The court believed that under *State v. Shade*, 104 N.M. 710, 716, 726 P.2d 864, 870 (Ct. App.), *cert. quashed sub nom., Vincent v. State*, 104 N.M. 702, 726 P.2d 856 (1986), and *New Mexico Life Insurance Guaranty Ass'n v. Quinn & Co.*, 111 N.M. 750, 756, 809 P.2d 1278, 1284 (1991), the UJI was an incorrect statement of law in that "primarily" should have been "solely".

■ At the time *Shade* was decided, there was no uniform jury instruction defining "investment contract," so the *Shade* court adopted the definition from the United States Supreme Court case of *SEC v. W.J. Howey Co.*, 328 U.S. 293, 298–99, 66 S.Ct. 1100, 1102–03, 90 L.Ed. 1244 (1946). In *Howey*, the Court stated that, to be considered a security, the profits garnered from an investment contract must be garnered "solely from the efforts of the promoter or a third party." 328 U.S. at 299, 66 S.Ct. at 1103. The *Howey* Court noted, however, that the term "security" "embodies a flexible rather than a static principle, one that is capable of adaptation to meet the countless and variable schemes devised by those who seek the use of the money of others on the promise of profits." *Id.* In applying the *Howey* "solely" test to a criminal prosecution, the *Shade* Court defined the critical inquiry as "whether the managerial efforts are *functionally essential or undeniably significant* to that profit." 104 N.M. at 716, 726 P.2d at 870 (quoting *Cameron v. Outdoor Resorts of Am., Inc.*, 608 F.2d 187, 193 (5th Cir.1979)) (emphasis added). In *Quinn*, a civil case, this Court adopted the *Howey* test but cautioned that "[t]he 'economic realities' must be examined to determine whether the transaction warrants characterization as a security." 111 N.M. at 756, 809 P.2d at 1284.

The UJI committee's use of "primarily" instead of "solely" in the definition of "investment contract" as a security is consistent with the legislative intent expressed in NMSA 1978, Section 58–13B–2(V) (Repl. Pamp.1991) (prefacing the definition of "security" under the New Mexico Securities Act with "unless the context requires otherwise"), and with the principle expressed in *State v. Sheets*, 94 N.M. 356, 360–62, 610 P.2d 760, 764–66 (Ct.App.) (stating that neither

the federal statutory definition nor the state definition of "security" should be given a narrow application), *cert. denied,* 94 N.M. 675, 615 P.2d 992 (1980), *modified on other grounds by White v. Solomon,* 105 N.M. 366, 368, 732 P.2d 1389, 1391 (Ct.App.1986), *cert. denied,* 105 N.M. 290, 731 P.2d 1334 (1987). It further comports with the statement in *Quinn* that, in determining whether a contract is a security, "[t]he court must place substance before form and it must examine in detail the nature of the transaction." 111 N.M. at 756, 809 P.2d at 1284. Considering the application of the *Howey* test in New Mexico, we hold that the uniform jury instruction defining "investment contract" as one in which the profits must be garnered "primarily" by a third party is a correct statement of the law.

■ *Court did not manifestly abuse its discretion in granting a new trial based on legal error.* Without objection from Danek, the court allowed experts for both the State and Danek to testify about the legal definition of a security. While it was legal error to allow the experts to so testify, *see Beal v. Southern Union Gas Co.,* 66 N.M. 424, 437, 349 P.2d 337, 346 (1960), Danek failed to object to the testimony and in fact invited it. The court felt, however, that Danek was prejudiced when the jury was instructed with the same definition that the State's expert had given. The court was concerned that the jury would give more weight to that expert's other testimony, given the proof that he was correct in defining "security". We agree with the Court of Appeals that the trial court did not abuse its discretion by basing its grant of a new trial in part on this error.

■ *Trial court should decide whether a new trial is warranted based on single indicia of unfair trial.* We agree with the Court of Appeals that it was not error to admit evidence of Danek's prior conviction for fraud. *See Danek,* 117 N.M. at 475, 872 P.2d at 893. Because the trial court believed it had made several errors that prevented Danek from receiving a fair trial when in fact it made only one legal error, we agree with Judge Hartz that the trial court should now decide if "this particular error in itself created sufficient prejudice to require a new tri-

al." *Id.* at 478, 872 P.2d at 896. (Hartz, J., concurring in part, dissenting in part); *see also Griffin,* 117 N.M. at 749, 877 P.2d at 556. The mandate on remand specifically should clarify that the single error relative to expert testimony was not reversible as a matter of law and that a new trial remains within the discretion of the trial court.

■ *Court must direct verdict of acquittal on counts 23 through 29 and 31 if it decides it would not grant a new trial on subjective basis of unfair prejudice alone.* Because the trial court may decide that a new trial is no longer warranted, we address Danek's contention that the court erroneously refused to enter judgment notwithstanding the verdict on certain verdicts. Danek was charged in the alternative with fraudulently selling either securities or commodities in counts 5 through 11 and 13, and either unregistered securities or commodity contracts in counts 14 through 16 and 18 through 22. Instructions 14 and 17 charged the jury that it could find Danek guilty of either one or the other, or not guilty, but that it could not find Danek guilty of both. Those instructions, as to the State, became the law of the case. *See Gerety v. Demers,* 86 N.M. 141, 143, 520 P.2d 869, 871 (1974) (stating that unchallenged instructions become the law of the case).

The jury found Danek guilty of only the commodities charges, thereby acquitting him of the securities violations. The jury also found Danek guilty of "transacting business as a broker dealer or sales representative without a license as charged in Count[s 23 through 29 and 31]." Instructions 18 and 19 charged the jury that "[f]or you to find ... [Danek] guilty of transacting business as a broker dealer or sales representative without a license as charged in Counts [23 through 29 and 31], the State must prove beyond a reasonable doubt ... [that the] defendant transacted business as a broker-dealer or sales representative in connection with [the offer to sell or the sale of] *a security*." (Emphasis added.)

Having found that Danek sold only commodities and not securities in its previous verdicts, the jury could not find Danek guilty of counts 23 through 29 and 31 because the

State failed to prove the essential element for each count that Danek transacted business in connection with offers to sell securities. On motion for rehearing, the State argues that "[W]hile this Court construed the commodities convictions as an acquittal on the securities violations, such a construction is not required.... Danek has not contended there is any legal reason that he could not have been convicted of *both* securities and commodities violations for his acts assuming he had been charged in such manner instead of in the alternative." However, in the settling of the jury instructions, the State specifically agreed that "[i]f they convict ... on securities, they can't convict as to commodities;" to which the trial court responded, without objection: "What I will say as to each of the counts involving alternatives, that if you determine that if, in fact, you find, beyond a reasonable doubt, that there is securities violation, you cannot then consider the commodities. If you don't find securities, then the commodities may be considered." In closing argument, the State contended that "if you decide that [securities] is not the case, then you go to the commodities question and you decide that."

In addressing the postjudgment motions, the court observed that "[b]ased on the jury's verdict and the instructions given to them by the Court, for them to have reached the commodities means ... [n]ot guilty as to anything as to securities." The State objected, arguing that "I think that is not what the instructions said." The court responded by stating "That is what we intended and that is what you told me, that that would be the State's position as to that." Therefore, under the law of the case, we are satisfied that, if a new trial is not granted, the court must direct a verdict in favor of Danek on counts 23 through 29 and 31.

**IT IS SO ORDERED.**

BACA and FRANCHINI, JJ., concur.